### COUCH v. GARMAN.

No. 25403.   Nov. 5, 1935.

J. F. Boettcher, for plaintiff in error.

Hemry & Hemry, for defendant in error.

BAYLESS, J.   Mary D. Couch appeals to this court from a judgment of the district court of Oklahoma county, Okla., refusing to grant her petition to vacate a judgment rendered by that court in favor of J. W. Garman. The parties will be referred to by name.

The history of the matter is as follows: Couch executed and delivered to Mrs. Liston a negotiable promissory note for $750. The evidence shows that it was obtained by fraudulent misrepresentations. Garman purchased this note from Mrs. Liston, through an independent broker, before maturity, for $650. The note was not paid when due. Garman sued Couch and the Listons, and Couch was duly served with summons, but did nothing toward defending. Liston, purporting to represent Couch, employed an attorney, who filed pleadings for and represented them at the trial, although Couch knew nothing of this. Judgment was rendered in favor of Garman February 14, 1931, and Couch petitioned to vacate this judgment October 25, 1932.

The petition to vacate was upon a ground recognized in the statute relating to the powers of a district court to vacate its judgments. In addition she filed an answer to the petition on the note of Garman. Garman thereupon filed an answer to Couch's petition to vacate. The matter was tried upon the issues thus made, and evidence was taken. This was the proper procedure. See Oklahoma Ry. Co. v. Holt, 161 Okla. 165, 17 P. (2d) 955.

Section 556, O. S. 1931 (810, C. O. S. 1921) specifies the grounds upon which judgments may be vacated. Sections 557-558, O. S. 1931 (811-812, C. O. S. 1921), provide the procedure, and section 558, supra, applies here, since Couch proceeded by petition. Section 559, O. S. 1931 (813, C. O. S. 1921), provides that the trial court may proceed to determine the merits of the application to vacate before determining the existence of a

valid defense on the part of the defendant. However, section 560, O. S. 1931 (814, C. O. S. 1921), provides that no such judgment shall be vacated, even if sufficient showing be made therefor, until the trial court has adjudged that the defendant has a valid defense to the action. In this matter, we will determine the correctness of the trial court's holding that the evidence did not present a valid defense to the action on the note. If this holding is approved, it becomes unnecessary to determine the existence of the ground to vacate.

The defense stated in the answer to Garman's petition, and presented by Couch's evidence, was fraud and misrepresentation in procuring the execution and delivery of the note, going to the consideration for the note, chargeable to Garman on the theory that he knew thereof and therefore could not be an innocent purchaser.

It is clear that Garman had no connection with or independent knowledge of the transaction which resulted in the execution and delivery of the note. It is also clear that he purchased before maturity and for value. The trial court found that Garman was an innocent purchaser in every aspect of that legal term. We find the evidence supports its finding in this respect.

The judgment is affirmed.

Garman moves for judgment upon the supersedeas bond. Such a bond appears in the record, with Mary E. Couch and Alberta L. Tallant as sureties. Garman's motion is granted, and the trial court is directed to enter judgment in favor of Garman and against the sureties named for the sum of $750, the sum specified as the penal sum in said bond.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ. concur.