John Cannon made his will and died. By the will less than half of his estate was devised to his mother, and the remainder to his wife. He had no children. We have no statutory requirement that a testator must leave any particular portion of his estate to his mother, therefore his mother was not entitled to any greater portion of his estate than that devised, unless the will was invalid for other reasons, in which case his estate would have descended as in cases of intestacy and she would have shared it equally with the surviving wife, under the 2d subdivision of section 1617, O. S. 1931. It would therefore be of benefit to the mother that the will be declared invalid.
The surviving wife offered the will for probate. The mother did not contest it and it was admitted to probate. The mother died, devising her estate to her son, Charles Mashunkashey, who was a half brother of testator. Charles Mashunkashey's guardian then filed in the county court a petition to vacate the judgment admitting the will to probate for fraud by proponent and others in procuring the judgment. It is asserted that Charles would have succeeded to the property which would have been inherited by testator's mother if the will had been declared invalid, and that therefore Charles was a proper party to maintain this action. We do not pass upon that question, and for the purpose of this case we treat the problem exactly as if it were the mother herself seeking to vacate the judgment.
The allegations of fraud relied upon are that the widow and her attorney, who was also executor, and one Rosa Mashunkashey, wife of Charles, formed and executed a fraudulent conspiracy preventing the testator's mother from contesting the will; that by reason of such fraud the judgment admitting the will to probate should be vacated, along with certain ancillary orders, and the will be subjected to contest. Though no contest was ever filed, we shall, for purposes of clarity, refer to the guardian who seeks vacation of the judgment as "contestant," and to his adversaries as "proponents." The county court denied the petition to vacate; appeal was taken to the district court, where that court likewise denied the petition to vacate; and the so-called contestant appeals to this court.
The record and briefs are voluminous and many propositions and counter propositions are advanced. Regardless of the merits or lack of merits of those propositions, sections 556 and 560, O. S. 1931, require that this judgment be affirmed, and we shall discuss only that phase of the case.
It must be borne in mind that this is not an appeal from the judgment admitting the will to probate, but is an appeal from an order denying a petition to vacate that judgment, filed some years after the entry of that judgment. The action to vacate was brought by petition under the 4th subdivision of section 556, O. S. 1931, "for fraud, practiced by the successful party, in obtaining the judgment or order." Section 560 specifically provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action. This section applies to probate judgments (In re Estate of Bruner, 125 Okla. 101, 256 P. 722), and it applies to fraud as a basis for seeking the vacation (Estate of Bruner, supra; Abernathy v. Huston, 166 Okla. 184, 26 P.2d 939; Couch v. Garman, 174 Okla. 515, 50 P.2d 1103), and it is a condition precedent to the vacation of any judgment on any ground, except lack of jurisdiction or void judgment, where the petition to vacate is filed after expiration of the term at which the judgment was rendered, that a prima facie meritorious defense or cause of action exists (Carlin v. Prudential Ins. Co. of America, 175 Okla. 398, 52 P.2d 721). It is not sufficient that allegations be made, but the evidence must show a prima facie defense; in other words, that which, if believed, would constitute a defense. See the many citations to that effect in the Bruner Case, supra. Otherwise *Page 280 
the vacating of the judgment would be an idle and meaningless thing.
With that rule in mind, let us examine the instant case. It was incumbent on the contestant to show that she had a prima facie ground of contest. This ground was alleged to be lack of testamentary capacity, incompetency, duress, and undue influence. There was no evidence at all to support these allegations, as of or anywhere near the date of execution of the will. There was some testimony of drunkenness at other times, months removed from the date of execution, and evidence of a like character, such as that a guardian had been appointed for him, but nowhere in the record is there any intimation by competent evidence that there was testamentary incapacity at the time of making the will. Certainly we do not need to remind the parties that the mere fact of having a guardian for mental incompetence does not in itself render one incompetent to make a will, at least if there is evidence, such as was in this case, that at the time of the execution of the will the testator was of sound mind, sober and in full possession of the mental faculties of a normal person. Nor was there any evidence of undue influence or duress. In fact the only evidence in this record reflecting testator's mental condition was that it was more than adequate to meet the usual and ordinary tests applicable to such occasions. The execution of the will occurred at the office of the Osage Indian Agency, in the presence of experienced employees thereof and a prominent member of the Osage Tribe. They had known testator long prior to this occasion. They testified that he was in full possession of his faculties and personally directed the execution of the will and conversed with them. The attorney who drew the will, at testator's direction, was also there, apparently for the purpose, as he states, of insuring that the will would be properly executed in the presence of reliable witnesses who were experienced in such things.
Further narration of these details is unnecessary. It is sufficient to observe that no valid grounds for contesting this will were shown by the evidence of the would-be contestant. In the absence of such showing, the statutes hereinabove cited prohibit the vacating of the judgment.
Plaintiff in error also complains of the trial court's refusal to grant a continuance. According to the motion for continuance and the brief of plaintiff in error, if the continuance had been granted, it would possibly have affected the fraud question, but not the question treated in this opinion. Furthermore, the action had been pending for some while and the court had twice theretofore granted continuances to the plaintiff in error. The refusal to grant a further continuance was not an abuse of discretion such as would warrant a reversal.
The judgment is affirmed.
OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and HURST, JJ., concur. GIBSON, J., not participating. RILEY, J., absent.