## CROUCH et al. v. CROUCH. et al.

No. 5930—Opinion Filed June 20, 1916.

(158 Pac. 573.)

**Appeal and Error—New Trial—Discretionary Ruling.**

The granting or refusal of a new trial is a matter largely in the legal discretion of the trial court, and unless it appears that such discretion has been abused by disregard of the established rules of law, the action of such court will not be disturbed on appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Tillman county; Frank Mathews, Judge.

Action by Laura Crouch and another against W. E. Crouch and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

Ahern & Searcy and J. W. Bartholomew, for plaintiffs in error.

Lawrence Mills, for defendants in error.

Opinion by BLEAKMORE, C. This proceeding was commenced in the district court of Tillman county on March 11, 1913, by Laura Crouch and J. S. Thomas, plaintiffs, against W. E. Crouch and Anna B. Crouch, defendants, to vacate and set aside a judgment rendered by that court on January 13, 1912, an order of sale made pursuant thereto, and the confirmation thereof, in a certain cause No. 536, in which W. E. Crouch was plaintiff and J. S. Thomas, Florence Thomas, and Laura Crouch were defendants, wherein W. E. Crouch recovered on a promissory note in the sum of $1,785.66, interest and attorney's fees, and the foreclosure of a real estate mortgage securing the same, against J. S. and Florence Thomas, and wherein Laura

Crouch was adjudged the owner and awarded one-third of the amount of such recovery, and payment thereof directed to be made to her. The petition alleges the rendition of the judgment, and sets forth as exhibits the orders of sale and confirmation, the return of the sheriff, etc., and alleges that W. E. Crouch, plaintiff in said cause No. 536, was not an innocent owner and holder of the note and mortgage therein sued on, but had acquired the same by assignment from one J. H. Crouch, the former husband of Laura Crouch, made as a result of a conspiracy between W. E. Crouch and J. H. Crouch for the purpose of defrauding her, Laura Crouch, of her interest in the proceeds of said note, and to hinder and delay her in the collection of alimony awarded her in a prior proceeding between her and J. H. Crouch, wherein she was decreed to be the owner of practically one-third of said note and mortgage. Certain irregularities in the foreclosure proceeding are alleged, in that the mortgage sought to be foreclosed was a second mortgage and that the decree failed to mention the first mortgage or disclose the amount thereof; that the return of sale of the sheriff showed a sale of the property to Anna B. Crouch for $2,250, referred to a prior mortgage of $2,000, and recited "it is therefore agreed as she may assume and pay said prior lien of $2,000;" that said agreement was unauthorized and fraudulent and not binding upon the plaintiffs herein, and that the purchase price, in fact, paid, was only $250; that said sale was for much less than the value of the mortgaged premises, and resulted in defrauding plaintiffs of their interest in the property, to the damage of Laura Crouch in the sum of $600, etc. There was prayer that the sheriff, who was not a party, be enjoined from interfering with the possession of the premises by the plaintiff, Thomas, and for a receiver, etc. General demurrer to the petition was sustained, and plaintiffs have appealed.

While it is not entirely clear, we presume that this action was commenced by virtue of the fourth subdivision of section 5269, Rev. Laws 1910, empowering the district court to vacate its own judgments or orders at or after the term when rendered or made, "for fraud, practiced by the successful party, in obtaining the judgment or order," as plaintiffs in their brief say:

"The fraud consists, first, in undertaking to foreclose a note and mortgage, already canceled by the same court, and in defiance of said decree. Fraud also exists and is charged in the selling of the property in the manner it was done, and, as the sheriff says in his return that by agreement he deducted the mortgage of $2,000, while there is nothing in

the pleading or findings of the court or order of sale that authorizes any such action, and without the knowledge of the plaintiffs herein, was a fraud upon them."

It is provided by the statute, Rev. Laws 1910, sec. 5267:

"The district court shall have power to vacate or modify its own judgment or orders at or after the term at which such judgment or order was made. * * * Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. * * *"

Section 5269:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine, of the second preceding section, shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

Section 5271:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered. * * *"

It is unnecessary to consider here whether the statute contemplates any pleading other than the verified petition, as that question is not presented by the briefs.

The proceedings of which complaint is made, including the judgment, order of sale, confirmation, sheriff's return, divorce decree, etc., were set forth and presented in their entirety to the trial court. It is obvious therefrom that the interests of the plaintiff, Laura Crouch, under the decree in the former case awarding her alimony, were protected as fully as possible by the judgment sought to be set aside; the recitals therein repelling the conclusion alleged in the petition herein that fraud was practiced by the successful party in obtaining such judgment. The order of sale provided that the proceeds thereof should be applied: (1) In payment of the costs of said sale and of said action; (2) in payment of all liens that may be senior and superior to the lien of said plaintiff; (3) in payment to the clerk of said court the remaining proceeds arising from said sale, to be applied by him as follows:

"In payment to said plaintiff two-thirds of the said sum of $1,785.66 amount to $1,190.44, together with interest thereon at the rate of 6 per cent. per annum from the 13th day of January, 1912; also $100 as plaintiff's attorney fee, as recited in said judgment. Fourth. in payment to said defendant Laura Crouch the remaining one-third of said sum of $1,185.66, amounting to $585.22. Fifth, that

the residue, if any there be, he pay to the said defendants, J. S. Thomas and Florence Thomas."

Such order contemplates a special execution (Price v. Citizens' Bank, 23 Okla. 723, 102 Pac. 800), and that the sheriff proceed in conformity therewith in conducting the sale was determined by the trial court in the order of confirmation. Clearly the sale was not void. These plaintiffs were parties to, and chargeable with notice of, all proceedings culminating in such sale and the order confirming the same; no unavoidable casualty or misfortune prevented them by timely application to the court in the original action from seeking the correction of the alleged irregularities of which complaint is here made. The provisions of the statute invoked by plaintiffs in this proceeding were not designed as remedial of the natural consequences of laches. In McLain Land & Investment Co. v. Swofford Bros. Dry Goods Co., 11 Okla. 429, 68 Pac. 502, it is held:

"The court has no authority to intervene and set aside the operation of the law which results in a sale until after the sale has been made, in order to relieve those who suffer from their own negligence and who disregard the proceedings up to and which are consummated in the sale."

Again, by failing to allege that they, or either of them, had a valid defense to the action in which the judgment sought to be vacated was rendered, plaintiffs herein have not shown themselves entitled to the vacation or modification of such judgment. The grant'ng or refusal of a new trial is a matter largely in the legal discretion of the trial court, and unless it appears that such discretion has been abused by disregard of the established rules of law, the action of such court will not be disturbed on appeal.

In the instant proceeding we are of opinion that the ruling of the court below was correct and should be affirmed.

By the Court: It is so ordered.