## WALL v. SNIDER et al.

No. 11909—Opinion Filed Oct. 23, 1923.

### 1. Judgment — Vacation — Control of Court During Term.

The district court has control of its judgments during the entire term at which they are rendered, and may vacate, modify or set them aside at any time during the term, if they are erroneous, upon its own motion or upon a motion of the party affected thereby.

### 2. Same — Reopening Default Judgment.

Under the provision of section 256, Comp. Stat. 1921, the defendant against whom a judgment is rendered without service other than by publication in a newspaper may at any time within three years have said judgment reopened and be let in to defend upon complying with the terms of said section, that is, filing a full answer, giving the plaintiff notice of the application, offering to pay the costs if the court so requires and making it appear to the satisfaction of the court that he had no actual knowledge of the pendency of the suit in time to have made his defense. Where such application is made and when such defendant brings himself within the provision of said section, the trial court has no alternative but to sustain the application and let the defendant in to defend.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County.

Action by Jeanette Wall against Chester Snider and Bird Snider. Judgment for defendants. Plaintiff brings error. Affirmed.

F. A. Rittenhouse, for plaintiff in error.

M. M. Gibbons, P. S. Nagle, and Jas. A. Embry, for defendants in error.

Opinion by DICKSON, C. This is an appeal from the judgment and order of the district court of Lincoln county, Okla., made on the 30th day of August, 1920, sustaining separate applications of the defendants in error to reopen a default judgment entered against them and in favor of the plaintiff in error, at the December, 1919, term of said court. The parties will be referred to in this opinion as plaintiff and defendants, as they were designated in the trial court.

It appears that the original judgment was rendered on the 20th day of March, 1920, and during the December, 1919, term of said district court. The only service

had upon the defendants was by publication in a newspaper. On the 19th day of June, 1920, the defendants filed in said cause their separate verified applications, under section 256, Comp. Stat. 1921, to have said original judgment reopened, and to be let in to defend.

The defendants filed separate answers setting up complete defenses to the cause of action set up in the plaintiff's petition, offered to pay the costs, and notice was duly served upon the plaintiff of the filing of the applications. These applications were heard by the trial court on the 26th day of July, and during the April, 1920, term of said court, and overruled and denied; the defendants excepted to the ruling of the court and gave notice that they would appeal to the Supreme Court, but on the 28th day of July filed separate motions for a new trial, and on August 30, 1920, and during said April term of said court, said motions for a new trial were taken up and sustained, and the court further ordered and adjudged that the applications to reopen the judgment, and to be let in to defend were sufficient, and reopened the original judgment and permitted the defendants to be let in to defend. The plaintiff excepted to this ruling of the court and brings the case here.

There are six assignments of error, but only two are argued in the brief, viz.:

"(1) That said court erred in sustaining the motions of the defendants in error for a new trial.

"(2) That said court erred in sustaining motion for new trial filed by the defendants in error, and excepted to by the plaintiff in error for the reason that a motion for a new trial does not lie in a case where a motion to vacate a judgment has been denied."

It is not contended that the applications of the defendants were insufficient, but the position taken by the plaintiff in error is that the court, having once overruled and denied these applications, however erroneously, was powerless thereafter to correct its error.

We agree with the plaintiff in error that the law does not require a motion for a new trial to be filed in a proceeding of this character in order to preserve for review in this court the rulings of the trial court; and if the trial court should have overruled the defendants' motions for a new trial such ruling could not have been assigned for error, but this in no way affects the case. The trial court had full power of its own motion during the entire term

of court to vacate its former order and to make the order sustaining the applications of the defendants to reopen the case and let them in to defend.

"For the purpose of administering justice, the district court has a very wide and extended discretion in opening judgments, and in setting aside or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings are had, and if all the parties are present in the court and no advantage is taken of either party." Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890.

The motions for a new trial in this case were addressed to the sound discretion of the court, and called its attention to the manifest error in overruling and denying the original applications, and when the court's attention was called to it, it simply exercised the inherent power existing in all courts of general jurisdiction, in so far as we know, to vacate, modify, or set aside its judgments or orders rendered at the same term, and to render such a judgment as should have been rendered in the first instance. The court could have done this without a motion for a new trial having been filed:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court." Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; 23 Cyc. 901-2; Parks v. Haynes, 52 Okla. 63, 152 Pac. 400; St. L. I. M. & So. R. Co. v. Lowery, 61 Okla. 126, 160 Pac. 716.

The power of the court to grant a new trial is absolute during the term at which the judgment was rendered; it may do so of its own motion or the losing party may suggest that justice has not been done him or he may file a motion as he has done in this case. It is immaterial what method is used to call the court's attention to the error in the original judgment. The real question in such a case is, Was the court right in vacating or modifying the former judgment? If it was, there is no just grounds of complaint. State ex rel. v. Adams, 84 Mo. 310-314; Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868; Barnes v. Bruce, 63 Okla. 270, 165 Pac. 405.

Under the provisions of section 256, supra, a defendant against whom a judgment has been rendered upon service by publication only, as in this case, may at any time

within three years after the rendition thereof have said judgment reopened and be left in to defend, upon giving notice to the adverse party of his intention to make such application, filing a full answer to the plaintiff's petition, offering to pay the costs if so required, and making it appear to the satisfaction of the court that he had no actual notice of the pendency of the action in time to make his defense; in the present case the defendants acted promptly, and both of them filed affidavits to the effect that they had no knowledge of the pendency of the action, and it was further shown that the notices and copies of the petition were directed to them at a post-office where they never had received mail, and returned to the attorney for the plaintiff. Under their showing the court had no alternative but to sustain the application. Brown et al. v. Massey, 13 Okla. 671, 76 Pac. 226; Albright v. Warkentin, 31 Kan. 442, 2 Pac. 614. In the last cited case the Supreme Court of Kansas, speaking through Judge Brewer, says:

"Every party ought to have his day in court; and while service by publication, which, in fact, imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can possibly be done consistent with the rights of other parties. The section provides ample protection to third parties dealing with property on the faith of the judgment, and the plaintiff certainly has no right to complain if, within a reasonable time, which by the statute is fixed at three years, the defendant demands an opportunity of litigating with him the justice of the claim. In fact, a judgment upon service by publication is as between the parties, in the nature of a conditional judgment, one which becomes final and absolute only at the expiration of three years, and liable in the meantime to be opened whenever the defendant brings himself within the provisions of the section."

We therefore recommend that the judgment and order appealed from be affirmed.

By the Court: It is so ordered.