METHVIN, Adm'r, v. MUTUAL SAVINGS & LOAN ASS'N.

No. 26986.   April 6, 1937.

Rehearing Denied May 4, 1937.

W. R. Wheeler and Bryan Phillips, for plaintiff in error.

Mont F. Highley, for defendant in error.

PHELPS, J. This was an action by the defendant in a mortgage foreclosure suit to vacate a judgment which had formerly been entered in that action foreclosing the mortgage. The present action, to vacate that judgment, was by petition, under section 556, O. S. 1931, 12 Okla. St. Ann., sec. 1031. Also, the defendant's objection to the confirmation of sale in the mortgage foreclosure action was consolidated with the present petition to vacate the judgment in that action, and both were tried together. The trial judge sustained the plaintiff's demurrer to the evidence of defendant, and the defendant appeals.

The ground upon which the judgment was sought to be vacated by defendant was fraud in the procuring thereof. The fraud is said to have consisted of a representation made by plaintiff's attorney to the defendant, to the effect that if the defendant would waive his alleged defense of usury, and permit plaintiff to take judgment on the note and foreclose the mortgage, the plaintiff would permit defendant to continue occupying the property after the rendition of judgment, by paying interest on the judgment, and would permit defendant to redeem the property at any time within two years after the judgment; that such representations were false and known to be false at the time of their making, and that the defendant kept up the interest payments for some time after the judgment was entered, pursuant to the agreement, and continued to occupy the property, but that prior to the expiration of two years following the judgment the plaintiff caused execution to be issued and the property sold under the mortgage foreclosure judgment.

After reviewing the evidence we are convinced that for several different reasons the trial court was correct in refusing to vacate the judgment, but it is unnecessary to elaborate thereon further than to point out that the defendant failed to show by evidence the existence of any valid defense to the mortgage foreclosure action resulting in the judgment which was sought to be vacated. While we are convinced from the record that no fraud of the plaintiff's attorney was shown, in the procuring of the judgment, nevertheless even if there had been such fraud, it would have been incumbent upon the defendant to show that he had a valid defense to the action, as a condition precedent to the vacating of the judgment. This has become fundamental law, and is specifically required by section 560, O. S. 1931 (12 Okla. St. Ann. sec. 1035). In Carlin v. Prudential Ins. Co. of America, 175 Okla. 398, 400, 52 P. (2d) 721, 722, we said:

"Merely pleading and establishing some of the grounds authorized in section 556, supra, for the vacation of a judgment is not sufficient to warrant the vacation thereof. This court has uniformly held that a valid defense or cause of action is a condition precedent to the vacation of a judgment upon any grounds, except the lack of jurisdiction. In re Bruner's Estate, 125 Okla. 101, 256 P. 722, and numerous authorities there cited. And the court must adjudge that such defense or cause of action is prima facie valid. Oklahoma R. Co. v. Holt, 161 Okla. 165, 17 P. (2d) 955."

Furthermore, it is not sufficient to merely plead that a valid defense exists. The facts upon which that defense is based must be alleged, and then such allegations must be supported by evidence sufficient, if believed, to constitute a defense. As stated in Turner v. Dexter, 172 Okla. 252, 44 P. (2d) 984, 3rd syllabus:

"The trial court is prohibited from vacating a judgment until it is adjudged that there is a valid defense to the action, and a valid defense is a condition precedent to vacate a judgment. The trial court must hear and determine the facts presented by the pleadings and must determine that a statutory ground exists for vacating a judgment, and, in addition, that there exists a valid defense, or a valid cause of action, and the trial court is authorized to hear testimony from both parties to the hearing for vacating a judgment, as in other cases for the determination of the court without a jury."

In the present proceedings on the petition to vacate the judgment there was no evidence regarding the partial defense, which was the payment of usurious interest. If we should resort to the exhibits which are attached to the pleadings, we would find that there was the sum of approximately 20 cents payment of interest over and above the authorized 10 per cent. made by the defendant over a period of five years on an indebtedness of approximately $6,000, and that such overpayment of 20 cents was due to error or to counting fractions of a cent against the defendant instead of against the plaintiff, which brings us to the field of operation of the principle de minimis non curat lex. In Morgan v. Security State Bank

of Wewoka, 168 Okla. 301, 32 P. (2d) 925, 926, we said:

"To constitute the offense of usury there must exist an intention to do something in violation of the statutes. The payment of an amount of interest so small as to be trifling, through an admitted error of the payor in figuring the amount of interest due, is insufficient to make the transaction usurious. * * *

"In determining whether a contract for the payment of money is usurious, if it appears that the contract or transaction is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. This is on the theory that the parties to the contract had contracted within the law."

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur. RILEY, BUSBY, and WELCH, JJ., absent.