**AMBRISTER v. DONEHEW et al.**

No. 27083.   July 5, 1938.

Rehearing Denied Oct. 11, 1938.

Application for Leave to File Second Petition for Rehearing Denied Nov. 1, 1938.

Blanton, Curtis & Blanton, for plaintiff in error.

Twyford & Smith and Haskell Paul, for defendants in error.

RILEY, J. This is an appeal from an order vacating a judgment obtained by default wherein the defendant in error was constructively summoned.

The action was commenced by J. H. Stufflebean, administrator of the estate of Ola K. Donehew, deceased, for the cancellation of deeds and conveyances made in her lifetime by Ola K. Donehew to her son, Marion Donehew, and certain deeds and conveyances made by said Marion Donehew to plaintiff in error, Roy Ambrister.

Marion Donehew was served with summons by publication. Defendant Ambrister filed his answer and cross-petition to quiet title in himself. Defendant Marion Donehew made default. Trial was had resulting in a judgment for defendant Ambrister quieting his title to the land in controversy, except as to a balance the court found due from Marion Donehew on the purchase price of the land from Ola K. Donehew in the sum of $475.75, which was adjudged to be a lien on the land. The judgment further recited that said sum had been paid the plaintiff by defendant Roy Ambrister, and the lien was canceled.

This judgment was entered on June 15, 1935.

On August 12, 1935, there was filed in said cause an application to vacate and set aside said judgment purporting to be by Marion Donehew, and also Will Fryar, guardian of said Marion Donehew, an incompetent, setting forth that neither Marion Donehew nor his said guardian had actual notice of the pendency of said action in time to appear and make defense to the petition of plaintiff and the cross-petition of Roy Ambrister, and that no service of summons was had on said applicant, and that no service whatever was had on them or either of them except by publication. The application further stated that said Marion Donehew was, and had been at all times during the pendency of said action and for a long time prior thereto, an insane person, entirely without understanding. At the same time an answer and cross-petition was filed purporting to be by said Marion Donehew and Will F. Fryar, his guardian.

On the same day notice of the filing of said application was acknowledged by the plaintiff and defendant Roy Ambrister by and through their respective attorneys of record.

On August 21st application for appointment of a guardian ad litem for Marion Donehew was filed, setting up that Will Fryar was duly appointed guardian of said Marion Donehew by the district court of Curry county, N. M., but that no guardian had been appointed in the state of Oklahoma.

On August 26, 1935, an order was entered appointing Haskell Paul guardian ad litem for Marion Donehew. On October 12, 1935, the date application was set for hearing, Ambrister filed a response thereto in which he denied the allegations contained in the application, and affirmatively challenged the appointment of Will Fryar as guardian of Marion Donehew, and alleged the application was filed without the knowledge or consent of said Marion Donehew, and challenges the right or authority of the parties filing same.

Before a hearing was had, leave of court was given to Haskell Paul, as guardian ad litem of Marion Donehew, to file an answer, and a hearing was had, resulting in an order setting aside and vacating the judgment theretofore entered in the cause in so far as it affects the rights of Marion Donehew. From this order the appeal is prosecuted.

Defendant in error renews a motion to dismiss the appeal heretofore filed and denied. Thereunder defendant in error contends that the order here appealed from is an interlocutory order, and for that reason it is not such an order from which an appeal will lie.

The general statement to that effect is made in Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 P. 175. Such is the rule in Kansas. McCullock v. Dodge, 8 Kan. 476; Flint v. Noyes, 27 Kan. 351; Hill v. Sweet (Kan.) 164 P. 1078; Shamel v. Wichita Motors Co. (Kan.) 225 P. 1031.

The above Kansas cases all involve the question of vacating a default judgment obtained upon service by publication.

There are other Kansas cases holding the same in cases not involving service by publication. Among these is List v. Jockheck (Kan.) 27 P. 184, cited and in effect disapproved in Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700. In the latter case it is pointed out that section 5236, Rev. Laws 1910 (section 528, O. S. 1931) provides.

"* * * The Supreme Court may also reverse, vacate, or modify any of the following orders of the county, superior, or district court or a judge thereof: First. A final order. Second. An order * * * that grants or refuses a new trial. * * *"

It is also pointed out that section 5267, Rev. Laws 1910 (section 556, O. S. 1931), authorizes the district court to vacate or modify its own judgments at or after term, under any one of the nine subdivisions of said section specifying how and the several

grounds upon which the judgment may be vacated or modified.

The second subdivision of said section reads:

"By a new trial granted in proceedings against defendants constructively summoned as provided in section 4728, Rev. Laws 1910 (section 189, O. S. 1931)."

Section 189, O. S. 1931, is the section under which defendant in error herein proceeded, the applicable provisions of which are:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit or other evidence, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. * * * The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

It will thus be seen that the Legislature has specifically provided that the power granted to the district court to vacate a judgment under subdivision 2, sec. 556, O. S. 1931, is "By a new trial granted," etc. The provisions under which the "new trial" may be granted are found in section 189, O. S. 1931.

Since the decision in Pennsylvania Co. v. Potter, supra, it has generally been understood that any order made under the provisions of section 556, O. S. 1931, which vacates or modifies a judgment to the extent that a new trial is granted, is an appealable order, and that this court has specifically repudiated the rule followed in Kansas, where the proceedings are under a statute exactly the same as section 189 and subdivision 2 of section 556, O. S. 1931, from whence said provisions were adopted. However, the right to appeal from such an order was recognized by this court in Wall v. Snider, 93 Okla. 97, 219 P. 671. Adherence to the Kansas rule, under which all the questions raised in the proceedings going to the order vacating the judgment might

be presented in an appeal from the final judgment, if different from the original judgment, would perhaps simplify procedure and provide for settlement of all questions of law in one appeal rather than by separate appeals, but the Legislature has plainly provided for an appeal in all cases where a "new trial" is granted or refused.

We adhere to the former ruling denying the motion to dismiss the appeal.

Wall v. Snider, supra, sets forth the showing essential under section 189, O. S. 1931, to open a judgment entered against a defendant without service other than by publication in a newspaper. It is pointed out that the time within which this may be done is within three years after the rendition of the judgment; that a full answer must be filed, notice of the application must be given; offer must be made to pay the cost, if required by the court, and it must be made to appear to the satisfaction of the court that the applicant had no actual knowledge of the pendency of the action in time to make his defense. It is then held:

"Where such application is made and when such defendant brings himself within the provision of said section, the trial court has no alternative but to sustain the application and let the defendant in to defend."

The provisions of the statute were complied with in every way in this case, and there is no issue on those matters.

Plaintiff in error contends that Will Fryar was never legally appointed guardian of Marion Donehew by the district court of New Mexico; that if he was legally appointed, he had no power under such appointment to appear in the courts of this state and represent his ward; that no authority existed for the appointment of a guardian ad litem; that Marion Donehew, if sane, has never given his consent to these proceedings, and has not consented to filing the application to vacate the judgment in his name, and if insane, he was incapable of giving such consent.

It does appear, however, that an order was made by the district court of Curry county, N. M., appointing Will Fryar guardian of said Marion Donehew; that thereafter an order was made authorizing said guardian to enter into a contract with Haskell Paul and Twyford & Smith, attorneys herein, to represent said alleged incompetent; that a contract was executed therefor and approved by the court.

Upon this authority the proceedings were

598

commenced to vacate the judgment, and after application was filed and notice served, the district court of Cleveland county entered an order appointing Haskell Paul guardian ad litem for said Marion Donehew.

It further appears that a motion to vacate the order appointing the guardian was filed in the district court of New Mexico by Nellie Donehew, wife and next friend, and Roy Ambrister, next friend of said Marion Donehew. This motion, upon hearing, was denied, and the movants appealed to the 'Supreme Court of New Mexico.

We are inclined to hold that the order appointing Will Fryar as guardian, by the district court of New Mexico, while it remains in force and unrevoked, is sufficient authority for the employment by the guardian of counsel to represent the ward. Counsel therein filed the application to vacate in the name of Marion Donehew and Will Fryar, as guardian.

It may be that the proceedings were improperly instituted by the foreign guardian, but it is generally held that where a suit is improperly commenced by a foreign guardian who is not qualified to sue in the state, the defect may be cured by allowing an amendment substituting another person as next friend. 28 C. J. 1279. That was what was done in substance in the instant case. Instead of substituting another person as next friend, the court appointed a guardian ad litem. The guardian ad litem adopted the pleadings and proceedings. These proceedings thereafter were in the name of the applicant by the guardian ad litem, and the guardian. But there was no prejudice by permitting the guardian to remain as a party of record. After the appointment of a guardian ad litem, the court was authorized to proceed with the hearing on the application to vacate, on its merits.

The order appealed from is affirmed.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.