RICHARDS v. BAKER.

*99 P. 2d 118.*

No. 28755.   Feb. 13, 1940.

J. Harry Swan, of Okmulgee, and Rittenhouse, Webster & Rittenhouse, of Oklahoma City, for plaintiff in error.

T. F. Shackelford, John L. Norman, Cochran & Noble, all of Okmulgee, for defendant in error.

WELCH, V. C. J.   This is an action to vacate or reopen a default judgment rendered against the plaintiff herein, who was an incompetent.

The record reveals that in an action theretofore brought in said court wherein the question of whether a certain indebtedness represented by certain notes was a valid and subsisting obligation was directly involved, the defendant in error upon a trial of said issue on November 19, 1936, obtained a judgment against the maker of said notes and a decree foreclosing the lien of a real estate mortgage which had been given to secure said indebtedness, and that in said proceedings the plaintiff in error, as a defendant, was served by publication, adjudged in default and his equity of redemption in the real estate involved foreclosed; that while plaintiff in error appeared of record in said action to be a person sui juris, in truth and in fact he was a person of unsound mind and under guardianship in the courts of California; that on August 20, 1937, the plaintiff in

error by his next friend commenced the proceeding to vacate said judgment for the reason that he had been erroneously proceeded against therein; that the second amended petition of the plaintiff in error and the answer which he tendered therewith sought to interpose as a defense to the original action a plea of statute of limitations in bar of the debt of the maker of notes involved and a consequent extinction of the lien given to secure such indebtedness. A demurrer to this petition was sustained and the appeal is from that order.

The question to determine here is whether the second amended petition of the plaintiff in error stated facts sufficient to justify the trial court in vacating its former judgment and granting the plaintiff in error a new trial in said cause.

Under the fifth subdivision of section 556, O. S. 1931, 12 Okla. St. Ann. § 1031, subd. 5, a district court is empowered to vacate its former judgment, "for erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings."

Where a vacation of a former judgment is sought on the above-mentioned ground, the proceeding must be by petition, verified by affidavit, setting forth the judgment, the ground on which the vacation thereof is sought and the defense to the action where the party applying was a defendant in the action in which the judgment was rendered.

Where an application is timely made under section 189, O. S. 1931, 12 Okla. St. Ann. § 176, to vacate a judgment against a defendant without other service of summons than by publication, and such defendant brings himself within the provisions of said section, the trial court has no alternative but to sustain the application and let the defendant in to defend. Ambrister v. Donehew et al., 183 Okla. 595, 83 P. 2d 544; Wall v. Snider et al., 93 Okla. 97, 219 P. 671; Wise v. Davis, 132 Okla. 65, 269 P. 248.

The record reveals that the plaintiff in error was the grantee of the mortgaged premises and had held same for seven years prior to the original action against him to foreclose lien on the real estate.

When the note is barred the mortgage is also barred, and no subsequent payment, promise, or acknowledgment by the maker can revive the mortgage as to property which the mortgagor has, prior thereto, conveyed to a third party. Whenever the mortgage is barred the property is free from the lien. It is as respects the mortgage as though the latter had never existed. If, therefore, the mortgagor no longer owns the property, he cannot impose a burden upon it, his power to bind the property has ceased. He is as powerless over it as though he had never owned it. He can revive the note, as he could give a new note, for no rights but his own are involved. He can revive the old mortgage just so far and as far only as he could give a new mortgage, and that is to bind his own property. Schmucker v. Sibert, 18 Kan. 104, 26 Am. St. Rep. 765; Hubbard v. Missouri Valley Life Ins. Co., 25 Kan. 172; Topeka Bank v. Valk Mfg. Co., 108 Kan. 176, 194 P. 638.

This question has not been passed upon by this court heretofore; however, we cited the case of Schmucker v. Sibert, supra, with approval in the case of Clark et al. v. Grant, 26 Okla. 398, 109 P. 234.

The above rule has been recognized by the courts of many of our states, and we are of the view that it is the prevailing rule and should be followed by this court.

The Supreme Court of Missouri, in the case of Osage Investment Co. v. Sigrist, 250 S. W. 39, held:

"A petition to set aside a default judgment, and setting up the statute of limitations as a proposed defense to plaintiff's cause of action as alleged in his petition, held a sufficiently clear and definite statement of facts to enable the court to see that the proposed defense was not frivolous and entitled the defendant to the relief sought."

We are therefore of the view that in an action on note and to foreclose a real

estate mortgage against the maker and the grantee of the maker, when service is obtained upon the grantee by publication, an adjudication adverse to the maker on his defense of the statute of limitations is not final and binding on the grantee, but such defense may be urged by the grantee as a bar to his liability, or to defeat the asserted lien against his property; and the same will be considered as a meritorious defense in a petition to vacate.

We hold that the plaintiff in error has complied with the statutes in the petition to vacate, and that the answer pleads a meritorious defense, and that the trial court committed reversible error in sustaining the demurrer to the petition. Therefore, the cause is reversed, and remanded, with directions for the trial court to proceed consistent with the views expressed herein.

BAYLESS, C. J., and RILEY, GIBSON, HURST, and DANNER, JJ., concur. OSBORN, CORN, and DAVISON, JJ., absent.