MORTON v. GILBERT et al.

No. 33372.   June 7, 1949.

Rehearing Denied July 12, 1949.

*207 P. 2d 916.*

Bohanon & Adams and Bert Barefoot, Jr., of Oklahoma City, for plaintiff in error.

Owen F. Renegar, of Oklahoma City, for defendants in error.

JOHNSON, J.  This is an appeal from an order vacating a judgment based upon service by publication.

The record discloses that on the 14th day of December, 1944, E. L. Morton, hereinafter called plaintiff, filed an action in the district court of Garvin county, Oklahoma, to quiet title to real estate.  The defendants in said cause were Martha Gilbert (now King) and J. H. Gilbert, and if deceased, then, in the alternative, their unknown heirs, executors, administrators, devisees, trustees and assigns.

Summons was issued for Martha Gilbert (now King) and J. H. Gilbert and returned "not found" by the sheriff of Garvin county, Oklahoma.  An affidavit for service by publication was filed, and notice by publication was published on January 25, February 1, 8, 15, and 22, as against said defendants. The affidavit stated that the address of defendants was unknown and for this reason no copy of the petition or notice by publication was mailed to them.

The case was set for trial on August 6, 1945, and judgment entered finding that plaintiff was the owner and in possession of the real estate involved, and that the defendants, Martha Gilbert (now King) and J. H. Gilbert, and if deceased their unknown heirs, etc., having been properly served by publication, had no right, title or interest in and to said property.

Thereafter, on March 6, 1947, the defendants in error in this case, Martha Gilbert, now King, Mattie King, E. J. Gilbert, W. W. Gilbert and Myrtle White, hereinafter called defendants, filed their joint motion to vacate and set aside the judgment which had been entered as aforesaid. They alleged and did all that was necessary to come within the purview of 12 O.S.A. §176, supra, filing affidavits that they had no actual knowledge of the pendency of the action, filed their answer setting up their defense to the original cause. Plaintiff in due time and form filed a response. At the conclusion of the hearing May 15, 1947, the court entered its order vacating the judgment of August 6, 1945.

Plaintiffs present their assignments of error under one proposition:

"That the defendants and movants had actual knowledge of the pendency of the action prior to entry of judgment, that by reason thereof the court erred in vacating the judgment."

No counteraffidavits were filed by plaintiff, and the evidence otherwise offered by him was not sufficient to substantiate his contention that defendants had actual knowledge of the pending action. The judgment of the court was not clearly against the weight of the evidence.

The case of Midland Savings & Loan Co. v. Carpenter, 137 Okla. 204, 279 P. 310, and other cases cited and relied upon by plaintiff are not applicable to the facts in this case, since they apply only to cases where defendants had actual notice of the pending claim or action but failed to defend.

The facts in this case bring it squarely within the rule of Wall v. Snider, 93 Okla. 97, 219 P. 671. The same rule was applied in the earlier case of Brown et al. v. Massey, 13 Okla. 670, 76 P. 226, and followed in Ambrister v. Donehew et al., 183 Okla. 595, 83 P. 2d 544, and, also, 12 O. S. A. §176 was adopted from Kansas, and that court in the early case of Albright v. Warkentin, 31 Kan. 442, 2 P. 614, in a very learned opinion laid down the basic reasons for the salutary rule subsequently followed by this court in the above cases.

Affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.