## COX et al. v. HENTHORN et al.

No. 33440.  June 28, 1949.

Rehearing Denied Sept. 13, 1949.

*209 P. 2d 681.*

Marion Henderson, Harold Freeman, and S. H. King, all of Pauls Valley, for plaintiffs in error.

Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

W. D. Hart, of Pauls Valley, for defendants in error Walter L. Hart, E. P. Diffie, M. E. Martin, and Home Petroleum Company, a business trust.

JOHNSON, J.  This is an appeal from an order of the trial court vacating a judgment based upon service by publication.

The record discloses that on the 7th day of February, 1945, M. G. Cox and Clara Cox filed an action in the district court of Garvin county, Okla., to quiet title against a number of defendants, including George F. Henthorn, if living,

and, if dead, his unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote. The plaintiffs alleged that they were the owners and in possession of the land described; that the defendants, George F. Henthorn, his heirs, etc., claimed some right, title and interest in and to said lands and that title be quieted against said defendants.

An affidavit for service by publication was filed on the 7th day of February, 1945, and notice by publication was published on February 8, 15, 22, and March 1, 1945, as against said defendants. The affidavit stated, in substance, that plaintiffs with due diligence were unable to ascertain the whereabouts of George F. Henthorn, or, if dead, his heirs, executors, administrators, devisees, trustees and assigns, immediate and remote.

The cause was set for trial on the 26th day of March, 1945, and default judgment was entered finding that plaintiffs were the owners and in possession of the real estate involved, and that the defendants, George F. Henthorn et al., and, if deceased, their unknown heirs, etc., having been properly served by publication, had no right, title or interest in and to said property.

Thereafter, on March 20, 1947, under the provisions of 12 O. S. A. §176, the defendants in error in this case, Charles A. Henthorn, Florence Henthorn, Lincoln Henthorn, and Stella C. Bayles, as heirs of George F. Henthorn, deceased, hereinafter called defendants, filed their joint motion to vacate and set aside the judgment which had been rendered as aforesaid. At the same time they tendered an answer showing a defense to the action, alleging that George F. Henthorn was deceased even before the suit to quiet title and that they were the sole heirs, devisees, trustees and owners of all the assets of the estate of said deceased. On June 7, 1947, amendments were made to the former motion and answer, and thereafter, on July 7, 1947, the cause was set for trial on the application and amendments thereto to set aside and vacate the judgment and to let defendants in to defend. Defendants alleged and did all that was necessary to come under the provisions of the statute by filing affidavits that they had no actual knowledge of the pendency of the action, and filed their answer setting up their defense to the original cause. Plaintiffs in due time and form filed a response.

At the conclusion of the hearing on July 7, 1947, the court entered its order vacating the judgment of March 26, 1945.

Plaintiffs urge as grounds for reversal that:

"Movants failed to show they were vested with any interest in the land involved in the plaintiffs' original judgment, which would entitle them to vacate the judgment of plaintiffs."

Thus, it would seem to be conceded that if the defendants as heirs, executors, etc., of George F. Henthorn have any interest in the property involved in this lawsuit then they have otherwise complied with the provisions of 12 O. S. A. §176 relative to setting aside and vacating a judgment based solely upon service by publication. However, in this connection, we observe that the judgment of March 26, 1945, was not only against deceased, George F. Henthorn, but was also against the very persons making the application to vacate the judgment and asking to be let in to defend.

We therefore conclude that defendants, through their relationship to George F. Henthorn as his heirs, etc., had such interest as would entitle them to participate in a trial involving the subject matter in controversy and that they were proper parties defendants in the quiet title suit. That being true, when they complied with the terms of the above statute and brought themselves within the provisions thereof, the trial court had no alternative but to sustain the application and let the

defendants in to defend. Wall v. Snider, 93 Okla. 97, 219 P. 671; Ambrister v. Donehew et al., 183 Okla. 595, 83 P. 2d 544; and Morton v. Gilbert et al., 201 Okla. 599, 207 P. 2d 916.

It is next urged that the trial court erred in permitting Walter L. Hart et al. to intervene. As to this feature of this case the trial court found:

"Whereupon, after argument of counsel for the respective parties, the court finds as follows, to wit:

"That for the purpose of this hearing, and without prejudice to such feature being re-heard on trial of the case, and as between plaintiffs and interveners the contract of January 30, 1947, between the Trustees of the Henthorn Estate and Walter L. Hart is valid and enforcible and the oil and gas lease and mineral deed made pursuant thereto, are also valid and enforcible and that the same are not champertous. The court further finds that said contract of January 30, 1947, between said Trustees and said Walter L. Hart carried an agency coupled with an interest in the subject matter of the agency, and the same is not subject to revocation without the consent of said Walter L. Hart. The foregoing findings are made for the purpose only of opening the judgment of March 26, 1945, and the questions involved may be re-tried on the trial of the case."

Defendants, interveners, correctly urge that there was no final judgment on the merits on the questions attempted to be raised in respect to the order of the trial court, whereby Hart et al. were permitted to intervene, or in respect to the validity or invalidity of the Hart contract, oil and gas lease and mineral deed. After the case has been tried upon its merits, and the court has finally passed thereon, or made a final order in the matter, then such questions may be properly raised on appeal.

This court has often held that unless there is a final order or judgment in the trial court that no appeal to this court will lie. 12 O. S. A. §951; Oklahoma City-Ada-Atoka Ry. Co. v. Parks, 182 Okla. 598, 78 P. 2d 791.

From an examination of the entire record, we hold that the judgment of the trial court is not clearly against the weight of the evidence.

Affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.

Rehearing Denied Sept. 13, 1949.