**Bill M. PRICE, Plaintiff in Error,**

**v.**

**Mayola R. PRICE and Allie Price, Defendants in Error.**

**No. 43805.**

Supreme Court of Oklahoma.

June 9, 1970.

Rehearing Denied July 14, 1970.

Bruce H. Harlton, Jr., Thomas R. Brett, Tulsa, for plaintiff in error.

Joe Stamper, Antlers, for defendant in error Mayola R. Price.

Vester Songer, Hugo, for defendant in error Allie Price.

BERRY, Vice Chief Justice.

Trial court designations of the litigants are used. In an action for divorce plaintiff husband sought a divorce and the defendant wife also sought a divorce on counterclaim.

Other relief was sought by the parties. Allie Price, plaintiff's former wife, was permitted to intervene, and as intervenor assert a claim realty which plaintiff contended he owned prior to his marriage to defendant.

The cause was set for trial before Judge Howard Phillips on March 13, 1969. Judge Phillips did not preside over the district court on that day due to illness. The matter was presented to associate district judge, Burton Duncan. Neither the defendant nor intervenor was in attendance personally or by counsel. Testimony was heard, and thereupon the court granted a divorce to plaintiff and also granted to defendant a divorce on her counterclaim, but reserved for future determination all questions other than dissolution of the marriage. No journal entry was filed. Thereafter the court, on further hearing April 3, 1969, entered judgment on the issues other than dissolution of the marriage. Plaintiff was not present personally or by counsel at these proceedings.

On August 25, 1969, plaintiff filed petition seeking to vacate the judgment entered April 3, 1969. Hearing was held on that petition September 11, 1969, and the trial court refused to vacate the judgment dated April 3, 1969. The same date the court also heard objections to sale of real property, and to confirmation of sheriff's sale on execution and those objections were denied. Appeal commenced on October 10, 1969.

The motion to dismiss is grounded upon plaintiff in error's failure to assert error in the trial court's refusal to vacate the judgment entered April 3, 1969. The petition in error sets out three allegations of error which are: (1) error in admitting evidence on the part of defendant in error; (2) error in rendering judgment for defendant in error without notice to plaintiff in error; and (3) that hearings and judgment, and subsequent sale of property without notice, was a violation of due process of law.

The application by plaintiff for vacation of judgment is denominated a petition, but was considered by the trial court as a motion, and is so considered here. 12 O.S. 1961, § 1032. The motion alleges, at most, the third ground for vacation of judgment, " * * * For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." The petition in error alleged error on three grounds which are considered in order.

█ The first allegation of error is that the trial court erred in admitting evidence on the part of defendant in error. The record of the hearing on the motion to vacate judgment does not set out any testimony or any evidence except for plaintiff's exhibit one. That exhibit is a letter by counsel for defendant in error, Mayola Price, to the court clerk, asking the cause be set down for hearing. Other than this exhibit the record consists of argument of counsel to the court, and several incidental rulings by the court. The record on appeal presents nothing for review by this Court under the first allegation of error.

█ The second and third allegations of error seem, necessarily, to refer to the trial court's judgment entered April 3, 1969, which is the judgment sought to be vacated and which was not appealed. The second allegation asserts error in rendering judgment for defendant in error without notice to plaintiff in error. The judgment here appealed was entered September 11, 1969, and plaintiff appeared by his counsel. Plaintiff was the moving party, and notice of that hearing was not mentioned as far as the record shows. The third allegation of error asserts that the hearings and judgment, and subsequent sale of property without notice was a violation of due process of law. Again, the error alleged concerns a judgment other than the final order denying motion to vacate judgment.

█ The appeal seeks reversal of the final order refusing to vacate a judgment. Issues on appeal necessarily must be confined to the record on appeal. There are exceptions, but no recognized exception is

here applicable. This Court will not accept unsupported statements in the brief, or statements made in argument of counsel to the trial court, otherwise unsupported, as a basis for appellate decision.

Motion by defendants in error to dismiss is sustained, and the cause is dismissed as presenting no reviewable error. Motion by defendants in error for additional attorney fees is denied.

DAVISON, WILLIAMS, BLACK-BIRD, JACKSON, HODGES and LAVENDER, JJ., concur.

IRWIN, C. J., and McINERNEY, J., dissent.