Marshall Jumbo TATE and Annie Darkus
Tate Haney, Plaintiffs in Error,

v.

R. A. ROBERTSON, Mildred Robertson and
Milton Rankin, Defendants in Error.

No. 42449.

Supreme Court of Oklahoma.

July 7, 1970.

Bailey E. Bell, Tulsa, for plaintiffs in error.

Gordon F. Brown, Oklahoma City, for R. A. Robertson and Mildred Robertson, defendants in error.

BLACKBIRD, Justice.

This appeal concerns proceedings, under 12 O.S.1961, § 176, to open a previous action for the partition of two 40-acre tracts of land in Logan County, which belonged to one William Tate at the time of his death, previous to 1953.

By a probate decree, entered that year, determining said intestate's sole and only heirs to be his widow, Lillie Tate, and a brother, Jim Henry Tate, this real estate was distributed to the widow, Lillie, with the provision that if any of it remained at her death, one-half of said remainder should descend to the intestate's heirs, and the other one-half to the said Lillie's heirs.

When Lillie Tate thereafter died, this property was distributed solely, and equally, to her heirs, Milton Rankin and Jettie Mason, under a subsequent probate decree entered in 1956, that made no mention of Jim Henry Tate, or his heirs, or any other heirs of her deceased husband, the aforementioned intestate, William Tate.

Thereafter, in 1957, Jettie Mason conveyed all of her interest in the surface, and an undivided 10-acre interest in the minerals, under the two tracts, to the defendants in error, R. A. Robertson and Mildred Robertson.

Thereafter, in 1964, the Robertsons instituted this partition action, as plaintiffs, claiming no more, by Jettie Mason's conveyance to them, than an undivided one-fourth interest in the surface, and the additional undivided 10-acre mineral interest, in the two tracts. The "unknown" heirs of Jim Henry Tate, deceased, were among the "defendants" that the Robertsons named in said action. Thereafter, an order for partition of the two tracts, as prayed for in the Robertsons' petition, was entered in January, 1965, without service on Jim Henry Tate, or his heirs, other than by publication. In said order, any and all such heirs, "known and unknown", were recognized as being in default; but it was also recognized that Jim Henry Tate had inherited an undivided one-half interest in the land at the death of the aforementioned Lillie Tate (along with the undivided one-fourth interests that Jettie Mason and Milton Rankin had each inherited) and it was directed that the final decree entered in the probate proceedings covering Lillie's estate, above referred to, be amended to order said interest's distribution accordingly.

Thereafter, pursuant to the aforementioned Order for Partition, Commissioners were appointed to partition the land, or, if that could not be done, to appraise it. The Commissioners thereafter determined that the land could not be partitioned in kind, and that its value was $7,000.00. Thereupon, one of the two plaintiffs, R. A. Robertson, elected to purchase the land at its appraised value; and on April 21, 1966, the court entered judgment approving the Commissioners' Report, and, in recognition of Robertson's election to take, ordered a Sheriff's Deed to the land issued to Robertson upon his payment into court of the $7,000.00, determined, as aforementioned, to be said real estate's appraised value. From this $7,000.00, court costs and attorneys' fees were thereafter deducted; and one-half of the remainder of said sum was divided between the Robertsons and Milton Rankin; and the remaining one-half (of said remainder) was deposited with the Court Clerk, awaiting its being claimed by some heir, or heirs, of Jim Henry Tate, deceased.

Thereafter, in the same month (April, 1966), Robertson conveyed the real estate to one Rex Moore and Rosalind Moore Miller, who thereafter, in December, 1966, mortgaged it to this State's Commissioners of the Land Office.

Thereafter, in December, 1966, plaintiffs in error appeared in the partition action and instituted the only proceedings directly involved in this appeal, by filing therein a pleading denominated "PETITION TO OPEN AND SET ASIDE ALL JUDG-MENTS, ORDERS AND DECREES IN THIS CASE". In said petition, these parties, hereinafter referred to as "applicants", alleged, among other things, that they were the sole and only heirs of the aforementioned Jim Henry Tate, deceased. They further alleged that they had no notice of the pendency of the partition action until April 26, 1966, and did not know they had inherited an interest in the property involved therein, until after that date. Applicants further alleged, among other things, that they were entitled, under Section 176, supra, to "be permitted to come into the case and have all of their rights determined." With said petition, these applicants filed their separate affidavits in support of their allegations, and also answers, in which, among other things, they denied that the petition, theretofore filed by the Robertsons, hereinafter usually referred to as "respondents", stated a cause of action for partition, and asked that it be denied.

Thereafter, on January 13, 1967, the court denied applicants' above described petition, deciding to treat it as a motion to distribute their share of the aforementioned remainder of the land's sale proceeds on deposit in the Court Clerk's office. To said ruling, applicants were allowed exceptions, and, a few days later, they filed a motion for a new trial and to reconsider. Before this motion was heard, applicants also filed an amended answer and cross-petition, on which they apparently hoped to predicate their opposition to the land's previously-ordered partition, in the event that the court, upon reconsideration of its previous ruling, decided to let

them in to defend their claimed rights. In said amended pleading, in addition to the allegations set forth in their previously proffered one, applicants alleged that the appraised value of the property (as previously determined by the Commissioners) was substantially lower than its true value, and alleged, among other things in substance, that if they had been present, or represented in the action, when the matter of whether or not the land should be sold had been before it, the court would not have ordered that done. Applicants further alleged that, by having been denied their claimed right to oppose the land's partition, they, at the same time, had been denied the right to file exceptions to the Commissioners' Report and to elect to purchase the land at its appraised value, or to bid on it at a public sale of the property, if some other of the litigants, owning interests in it, had also elected to purchase it (at private sale). After both the applicants and the respondents had filed briefs in support of their respective positions, the court, on March 24, 1967, overruled applicants' motion for a new trial and to reconsider. They thereafter lodged the present appeal on the original record.

For reversal of the trial court's order and/or judgment, applicants contend that in the filing of their hereinbefore described application to be let into the partition action, to defend their rights against the land's partition (that the court had previously therein ordered) and by their filing of the papers accompanying said application, they met all of the requirements, necessary under Section 176, supra, to have obtained the granting of said application; and that, under Cox v. Henthorn, 201 Okl. 689, 209 P.2d 681, and Richards v. Baker, 186 Okl. 533, 99 P.2d 118, the trial court had no alternative but to grant the application. These requirements, as set forth in the second paragraph of the syllabus in the Cox case, are shown in said syllabus (quoted in applicants' initial brief) as follows:

"Under the provisions of 12 O.S.A. § 176, the defendants against whom a judgment is rendered without service

other than by publication in a newspaper may at any time within three years have said judgment reopened and be let in to defend upon complying with the terms of said section, that is, *filing a full answer, giving the plaintiff notice of the application, offering to pay the costs if the court requires,* and *make it appear to the court that they had no actual knowledge of the pendency of the suit in time to have made their defense.* Where such defendants bring themselves within the provisions of said section, the trial court *has no alternative* but to sustain the application and let the defendants in to defend." (Emphasis added)

Respondents do not question the efficacy of Section 176, supra, to afford parties, who have been deprived of rights by an order for partition rendered without other service upon them, than service by publication, the same relief that it affords parties, thus served, in other actions generally. In fact, by arguing that what applicants filed (to be admitted into the partition action, and attacking said order) does not meet the requirements of said Statute, respondents have tacitly agreed that said section is applicable to such proceedings; and, in their submission to this Court, in this appeal, of the question of whether applicants should have prevailed in the trial court on the merits of their undertaking, we take it, as also thus conceded, that the trial court's ruling unfavorable to applicants is an appealable order.

Respondents do contend, however, under their "PROPOSITION ONE", that the answer applicants filed (with their application to be let in to defend) did not show "a meritorious defense" to the cause, or causes, of action for partition which they (respondents) alleged as "plaintiffs" in the petition they filed at the commencement of the partition action. In support of their position, respondents cite: Crouch v. Crouch, 59 Okl. 181, 158 P. 573, Featherstone v. Southwestern Lumber Co., 116 Okl. 86, 243 P. 240, Petros v. Fox-Vliet Drug Co., 138 Okl. 253, 280 P. 812, Oklahoma R. Co. v. Holt, 161 Okl. 165, 17 P.2d

955, Harlow Publishing Co. v. Tallant, 171 Okl. 579, 43 P.2d 106, Turner v. Dexter, 172 Okl. 252, 44 P.2d 984, In re Cannon's Estate, 179 Okl. 278, 65 P.2d 192, Methvin v. Mutual Savings & Loan Ass'n., 180 Okl. 80, 67 P.2d 792, and Eudaly v. Superior Oil Co., Okl., 270 P.2d 335. The opinions in most of these cases do not purport to apply to proceedings under Section 176, supra, as distinguished from the judgment vacation proceedings provided for in other sections of our Statutes, such as Title 12, O.S.1961, § 1031.

██ As to the answer, to be filed by parties to whom Section 176, supra, applies, said section provides merely that it shall be "a full answer". While we recognize that this Court has indicated that such an answer should "tender a valid defense" (see Eudaly v. Superior Oil Co., supra)— if we assume, as we have indicated respondents apparently concede, that such an answer may properly be directed against an order for partition, then it is our opinion that it is unnecessary for it to allege, or deny, that the parties originally petitioning for the partition have no valid cause of action therefor. We think it is sufficient for such an answer to allege facts tending to show a lack of justification for the particular partition decreed by the court's judgment or order. Upon consideration of the applicants' answer, as amended (and there is no contention that the trial court should not, or did not, consider the afore-described amended answer and cross-petition, in arriving at his final decision in the matter), within the scope of the stated hypothesis that orders for partition (like other orders and judgments) may be attacked by the procedure authorized in Section 176, supra, we think applicants' pleadings tended to show a "valid defense" against the partition decreed by the trial court, and they included a "full answer" to the Robertsons' petition, if the latter may be considered as seeking the kind of partition approved by said court.

██ In proceedings to open a judgment under Section 176, supra, the trial court

does not have the discretion to grant, or deny it, that has been held to be the rule in proceedings to vacate judgments under Section 1031, supra. That this is in accord with the way that Section 176 had been interpreted when said Statute was adopted by Oklahoma from Kansas, we cite the early case of Albright v. Warkentin, 31 Kan. 442, 2 P. 614, in which the court said:

"Counsel for defendant in error contends that the trial court has a wide discretion in applications of this kind, and that as the statute requires that the defendant make it appear to the satisfaction of the court that he had no actual notice, that when such court denies the application, we must presume that he was not satisfied, and have no means of determining from the record that he was in fact satisfied.

\* \* \* We do not agree with counsel in this view of the statute.

\* \* \* The statute, it is true, says that the court must be satisfied, but it also provides that it is to be satisfied by affidavit, and we can examine the affidavit as well as the trial court, and determine whether it was such as ought to have satisfied, and if it ought, we must hold it sufficient. Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. \* \* \*"

See also State ex rel. Com'rs of Land Office v. Wilkin, 202 Okl. 177, 211 P.2d 509, Morton v. Gilbert, et al, 201 Okl. 599, 207 P.2d 916, and other Oklahoma cases in which this leading Kansas case has been cited and followed. While it is true that after the subject Statute became the law of this State, it was amended in 1910 (Rev. Laws, 1910, Sec. 4728) to provide that "other evidence", than the affidavits, might be presented on the question of such applicants' notice during the pendency of the action, the trial court record of this case, as certified to this court, does not show that any such evidence was introduced at the hearing on the applicants' petition to open; and, in the absence of any claim, by respondents, of the introduction of any counter affidavits, or "other evidence", tending to contradict the statements in applicants' affidavits, as to their lack of such notice, we, as did the court in Albright v. Warkentin, supra, will rely on the record as certified, and take it that no such evidence was introduced. The Kansas court's refusal to give effect to the presumption, on appeal, of the correctness of the trial court's judgment in cases where conflicting testimony has been introduced, is in accord with the rule, of wide acceptance, that where there was no testimony introduced, and the evidence consisted solely of writings such as affidavits, depositions, etc., such presumption does not apply. In this connection, see Feagin v. Fife, 198 Okl. 57, 172 P.2d 81, British America Assur. Co. of Toronto, Canada v. Bowen, (CCA, 10th Cir.) 134 F.2d 256, Smith v. Hart, 49 S.D. 582, 207 N.W. 657, and 5 C.J.S. Appeal & Error § 1564(1), pgs. 1262, 1265.

Respondents contend, under their "PROPOSITION TWO", that opening the partition judgment could have no effect upon the title of the subject real estate's "present owners", Rex Moore and Rosalind Moore Miller, nor affect the rights of the Commissioners of the Land Office under their mortgage on said property. This contention is based upon that part of Section 176, supra, which reads:

"\* \* \* but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. \* \* \*"

It does not appear from the record that Rex Moore and Rosalind Moore Miller, or the Commissioners of the Land Office, were before the trial court, either actually, or nominally, at any time when the applicants' petition to open was considered, or

denied, by it. Therefore, in the absence of any showing to the contrary, we will assume that no determination as to whether those parties stood in the position of "a purchaser in good faith" (as that term is used in the above quoted statute) entered into said court's ruling denying said petition. Accordingly, we reserve judgment on that subject, contemplating, as indicated in the third paragraph of the syllabus in Nusbaum v. Burns, 206 Okl. 387, 243 P.2d 994, that their rights may be determined at such time as they are made parties to such proceedings to open the partition judgment, or subsequently.

In accord with the foregoing, the order and/or judgment of the trial court is hereby reversed, and this cause is remanded to said court for further proceedings not inconsistent with the views expressed herein.

DAVISON, WILLIAMS, JACKSON, LAVENDER, and McINERNEY, JJ., concur.