CHEMCO PRODUCTS, INC., an Oklahoma Corporation, Appellee,

v.

MOLEY PRODUCE COMPANY, INC., an Oklahoma Corporation, et al., Appellants.

No. 55039.

Supreme Court of Oklahoma.

July 29, 1980.

As Corrected Aug. 13, 1980.

Parks, Beard & Williamson by Michael J. Beard, Tulsa, for appellants.

Morehead, Savage, O'Donnell, McNulty & Cleverdon by Richard A. Gann, Tulsa, for appellee.

OPALA, Justice:

This appeal is sought to be prosecuted from a decision which vacates in part a default judgment. It grants the defendant-appellant a new trial on the issue of damages, but leaves undisturbed the adverse prior default adjudication of its liability. Appellee moved to dismiss the appeal as premature because it is sought to be prosecuted from an interlocutory decision. We hold the appeal is properly here because the order in question falls within the category of those which are reviewable by right under the terms of 12 O.S.1971 § 952(b)2.

■■■■ It is hornbook law that any intermediate or interlocutory order—be it one rendered in pre-judgment or post-judgment stages—which falls into a class of decisions from which an appeal is authorized by stat-

ute is *reviewable by right.* *Attaway v. Watkins*, 171 Okl. 102, 41 P.2d 914, 915 [1935]. The terms of 12 O.S.1971 § 952(b)2 set forth, *inter alia*, that an order which (a) "grants or refuses [to grant] a new trial" or (b) "vacates or refuses to vacate a final judgment" is subject to review in this court. An order which vacates a judgment is analogous to, or the functional equivalent of, one that grants a new trial. It is hence reviewable by right. *Lamme v. Skelton*, 106 Okl. 214, 233 P. 705 [1923]; *Pennsylvania Co. v. Potter*, 108 Okl. 49, 233 P. 700 [1925]; *B–R Electric & Telephone Mfg. Co. v. Town of Wewoka*, 113 Okl. 225, 239 P. 919, 920 [1925]; *Halliburton et al. v. Williams*, 166 Okl. 248, 27 P.2d 360 [1933]; *Busby v. Eaves*, 205 Okl. 346, 237 P.2d 445, 448 [1951]. An order granting a partial new trial is appealable to the same extent as one which allows a complete retrial. *Hallford v. Schumacher*, Okl., 323 P.2d 989 [1958]; *Holland v. Sears*, Okl., 348 P.2d 538 [1960]. A decision which grants partial new trial *after* vacating a prior judgment in the exercise of powers under 12 O.S.1971 § 1031 falls into the very same functional—though not procedural—category of dispositions reviewable by right as does one which allows partial retrial upon a new trial motion pursuant to 12 O.S.1971 § 651. An order declining to grant a complete retrial and one which refuses to vacate the entire judgment stand under the same rubric of reviewability. Each is but the functional equivalent of the other. *Price v. Price*, Okl., 471 P.2d 894 [1970]; *Attaway v. Watkins*, supra.

In short, the order from which this appeal is sought to be prosecuted is reviewable by right both because it (a) grants a partial new trial and (b) vacates in part a final judgment. 12 O.S.1971 § 952(b)2. *Ambrister v. Donehew et al.*, 183 Okl. 595, 83 P.2d 544, 546 [1938]; *Magnolia Pipe Line Co. v. Ricks*, 190 Okl. 145, 121 P.2d 570 [1942].

Motion to dismiss is denied.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES and SIMMS, JJ., concur.