On Section 1756, Rev. Code 1919, see annotations 5 U. L. A., Section 52, page 211.

---

WAR FINANCE CORPORATION, Respondent, v. BYRUM, Appellant.

(206 N. W. 1005.)

. (File No. 6047.   Opinion filed January 23, 1926.)

**1.   Garnishment—Default Judgments—Court Held to Have Jurisdiction to Enter Default Judgment Against Garnishee.**

Under Rev. Code 1919, Sec. 2328, where action was by stipulation of parties transferred to county of defendant's residence held circuit court of that county had jurisdiction to render default judgment against garnishee, notwithstanding stipulation for removal provided "jurisdiction of proceedings in garnishment to remain in circuit court of (county from which removal was had)," garnishee not being a party to the stipulation, and notwithstanding, under Section 2458, court might have changed place of trial of issue raised by answer of garnishee to county' of garnishee's residence.

**2.   Garnishment—Appeal and Error—Refusal to Set Aside Default Judgment Against Garnishee Held Abuse of Discretion.**

Refusal to set aside default judgment against garnishee held an abuse of discretion, in view of amount of judgment, evidence in explanation of default, and Rev. Code 1919, Sec. 2485.

3. Garnishment—Excusable Neglect—Rule as to Vacation of Defaults of Garnishee Is a Liberal One.

On application of garnishee to be relieved from default, a more liberal rule is applied than on application of principal defendant, and default judgment against garnishee should be vacated, if, by any reasonable construction of his showing, his neglect to answer may be excused.

Appeal from Circuit Court, Aurora County; Hon. Frank B. Smith, Judge.

Action by the War Finance Corporation against E. E. Byrum and Alvie L. Byrum, garnishee. From a default judgment against garnishee, and an order denying his application to vacate it, garnishee appeals. Order reversed, and proceeding remanded.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Appellant.

*Fuller & Robinson,* of Pierre, for Respondent.

(2) and (3) To points two and three of the opinion, Appellant cited: Rosebud Lumber Company v. Serr, 22 S. D. 389; Citizens National Bank v. Branden, 126 N. W. 102; Racine-Sattley v. Ponlieck, 130 N. W. 228; Searles v. Christensen, 5 S. D. 250; Anthony v. Karback, 90 N. W. 243; Citizens National Bank v. Branden (N. D.), 126 N. W. 102; Conley v. Lunzman, 47 S. D. 241.

BURCH, C. This action involves the validity of a default judgment rendered against a garnishee, by the circuit court of Aurora county, in an action commenced against the principal defendant and the garnishee in Sully county. The garnishee was a resident of Sully county, and the principal defendant was a resident of Aurora county. By stipulation between plaintiff and the principal defendant, the action was transferred to Aurora county, except as to the garnishee. The stipulation provided:

"Jurisdiction of proceedings in garnishment to remain in circuit court of Sully county."

After the transfer of the action to Aurora county, the principal defendant defaulted, and judgment was entered against him on December 1, 1924. The garnishee made no disclosure, answer, or appearance, and on the 18th day of February, 1925, judgment was made and entered against the garnishee in the circuit court of

Aurora county. No judgment was or has been rendered against the garnishee by the circuit court of Sully county. On the 17th of February, 1925, the garnishee applied to the circuit court of Sully county to be relieved of the default and to be allowed to answer, and a show cause order was issued by said court returnable March 2d next. On the return day of this order, the court being then advised of the entry of judgment in Aurora county, held the matter in abeyance, suggesting an application be made to the circuit court of Aurora county, and on the 25th of June, 1925, an application was made to such court for an order vacating the judgment, setting aside the default, and for leave to answer. The application was denied, and this appeal is from the judgment of the circuit court of Aurora county rendered against said garnishee and from the order denying his application to vacate the judgment.

The assignments of error present but two questions for determination: First, did the circuit court of Aurora county have jurisdiction to render the judgment against the garnishee? Second, if it had such jurisdiction, did said court abuse its discretion in refusing to set aside the judgment and allow the garnishee to defend?

[1] We will consider the jurisdictional question first. Section 2328, R. C. 1919, provides that the defendant, in an action brought in a county other than the one in which he resides, may demand in writing before the time for answering expires, that the trial be had in the county in which he resides. Such demand was made, and this action transferred to the county where the principal defendant resided. In the case of Fargo v. Schraudenbach, 40 S. D. 428, 167 N. W. 492, we held that the principal defendant had the right to the change of place of trial, although garnishment proceedings were pending, and that the venue of the main action is not controlled by the garnishment statute. While in that case we did not pass upon the precise question here involved, namely, the effect of the change of venue upon the garnishee, we did hold that a garnishment proceeding was ancillary to the main action, and to be classed as an additional provisional remedy. Garnishment before judgment is in effect an attachment of property, which is seized in the main action. It logically follows that the court having jurisdiction of the main action, should.

have jurisdiction and control of the attached property, so that it may be applied in satisfaction of the judgment in the main action if a judgment be obtained. Therefore the change of venue in this action transferred the garnishment action to the circuit court of Aurora county, and that court had jurisdiction of such proceeding thereafter. Had there been an answer of the garnishee and issue thereon joined, that court might, under the provisions of section 2458, Revised Code 1919, "on motion change the place of trial of such issue to the county of the garnishee's residence," but until issue was joined on the garnishment there was nothing to try and no cause for change. The garnishee was not a party to the stipulation above referred to, and had no rights thereunder that the circuit court of Aurora county ought to protect, or could protect until issue joined.

[2] A review of the evidence is necessary to a determination of the second question. When the garnishee asked to be relieved of the default rendered against him, he tendered an answer denying liability, either as a debtor or one in possession of property of the principal defendant. The answer was sufficient. As an excuse for failure to answer, he says that, promptly upon the service of the summons and affidavit in garnishment upon him, he went with said papers to White Lake, in Aurora county, and interviewed the principal defendant, E. E. Byrum, who is his father, with reference to the principal action and to the garnishment proceeding; that he has never, prior to this time, had any experience as a party or garnishee in any civil action, and was wholly uninformed of his rights or of his duties and obligations as a garnishee herein; that his father promised to have attorneys appear for him, and notify him, or cause him to be notified, if any proceedings were necessary on his part; that, not being familiar with proceedings of this kind, and not realizing the full import of the garnishment, he left the matter with his father to attend to, fully believing that, if anything was necessary to be done by him, his father, or his father's attorneys, would notify him; that thereafter he heard nothing from either his father or his attorneys that anything was necessary on his part to protect his rights; that in the latter part of January, 1925, he learned for the first time of the judgment against his father, the principal defendant, in the sum of $3,398.49; that shortly before this, being the latter

part of December, 1924, or first of January, 1925, he was advised that the garnishment action was pending against him in Sully county but not disposed of, and, after consulting with his father, he employed his present attorneys, and, after fully stating his case to them and being by them advised that he had a complete and meritorius defense, he applied to the circuit court of Sully county to be relieved of the default; that he is now informed that, shortly after his said application was made to be relieved of the default, judgment was rendered against him in the circuit court of Aurora county in the sum of $3,398.49; that his failure to answer and deny liability in this proceeding is due wholly to inadvertence and to the fact that he was wholly uninformed and unfamiliar with the practice or procedure of the circuit court as to the possibility of any liability being adjudged against him if he failed to make answer, and to the fact that he relied upon his father, E. E. Byrum, and upon his father's attorneys, to advise him if anything was necessary to be done to protect him from liability, or to do what might be necessary on his behalf; and that he has now and had at all times a valid and meritorius defense.

The principal defendant, father of the garnishee, corroborates him in regard to the promise to have counsel look after garnishee's interests, and says that he asked his attorneys to take care of the garnishee's interests, and though they had done so. Respondent's counter showing is to the effect that the principal defendant, E. E. Byrum, is the owner of three quarter sections of land in Sully county, occupied by the garnishee; that the land is heavily incumbered; that by contract between E. E. Byrum and Alvie L. Byrum, garnishee, E. E. Byrum was to receive one-half of the crop; that in the fall of 1924 E. E. Byrum gave garnishee a bill of sale to the 1924 crop owned by him; and that this action was for the purpose of attaching the crop conveyed under such bill of sale, which was believed to be without consideration and fraudulent. A large portion of the counter showing explains the taking of the default against the garnishee, and denies any knowledge of the garnishee's efforts to obtain leave to answer before taking the default judgment. As we do not deem this material to the issues here involved, we will not set forth such evidence in detail. It is also shown that the 1924 crop has now been sold and used, and it is claimed the delay in answering has

lost to plaintiff much evidence that would have been available to prove the garnishee is not acting in good faith. It is also claimed that the garnishee was informed on the 9th day of December, by one Hookway, that plaintiff would take a default judgment against him.

From the foregoing evidence, it is apparent that the judgment rendered against the garnishee, namely, $3,398.49, is not the amount, if any, owed by the garnishee to the principal defendant. The amount is the amount of the judgment against the principal defendant, rendered without regard to the actual amount owed by the garnishee. While such a judgment seems to be authorized by section 2462 of our Code, it is not mandatory upon the court to pronounce such judgment, and, where the judgment against the principal defendant is greatly in excess of the amount of any debt owed by the garnishee, and in excess of the value of any property in his hands, such judgment is harsh and unjust. There were no pleadings served or filed showing upon what cause of action the garnishee is sought to be held; nothing but an affidavit stating in general terms that affiant believes the garnishee to be indebted in some amount, or in possession or control of some property, without designating the amount owed, or the character and value of the property possessed. Neither is the complaint against the principal defendant required to be served upon the garnishee nor any notice of the amount for which he may be held liable in case of default. If under such proceeding the court has, without proof, rendered an unjust judgment, it would seem that such judgment should be corrected, if it can be legally done.

[3] A judgment in a direct action may not be entered without proof of the cause of action, except in actions based upon a verified complaint, and then only for the amount specified in the summons; in other cases the court must ascertain the amount which the plaintiff is entitled to from his examination under oath, or other proof, and render judgment for the amount so ascertained. Section 2485, R. C. 1919. The whole policy of the law is to make of the courts forums in which suitors may obtain justice. Because of the peculiar position of the garnishee to the principal action, and the form of the proceeding against him, where default has been entered, without proof, and it appears that the amount of the judgment is not the true amount of his liability to the

principal defendant, but greatly in excess thereof, a liberal application of the rule for vacating judgment should be made. A more liberal rule is applied to application by garnishee to be relieved from default than is applied to main defendant. McConnell v. Margulies, 38 S. D. 563, 165 N. W. 990. Such judgment should be vacated, and the garnishee permitted to answer, if by any reasonable construction of his showing his neglect to answer may be excused. In this case the plaintif claims the garnishee is liable for the value of rent corn belonging to the principal defendant, but plaintiff does not attempt to show the value of the corn to be equal to the amount of the judgment. Apparently the judgment is incorrect in amount, if any liability exists. The garnishee shows an attempt to protect his rights through his father's attorneys, and it is plain that he did take steps to obtain leave to answer before judgment was actually rendered, although application was not made to the proper court. We think the showing was sufficient under the circumstances of this case, and the learned trial court ought to have vacated the judgment and permitted appellant to answer and defend.

The order of the trial court is reversed, and the proceeding remanded.

POLLEY, J., not sitting.

Note.—Reported in 206 N. W. 1005. See, Headnote (1), American Key-Numbered Digest, Garnishment, Key-No. 83, 28 C. J. Sec. 256; (2) Garnishment, Key-No. 187, 28 C. J. Sec. 525; (3) Garnishment, Key-No. 187, 28 C. J. Sec. 528.

On Rev. Code 1919, Sec. 2328, see annotations, Kerr's Cyc. Code 1920, Civ. Proc. 396.

On Rev. Code 1919, Sec. 2485, see annotations, Kerr's Cyc. Code 1920, Civ. Proc. 585.

On relief from default see Bancroft's Code Pleading, Vol. I, pg. 383.