SMITH, Superintendent of Banks, Appellant, v, HART, Respondent.

(207 N. W. 657.)

(File No. 6070. Opinion filed March 12, 1926.)

**1. Homestead—Garnishment—Exemptions—Statute Providing Exemption of Proceeds From Sale of Homestead From Execution Held Not to Apply, Where Sale Was Voluntary (Rev. Code 1919, Sec. 2658).**

Rev. Code 1919, Sec. 2658, providing for exemption of proceeds from sale of homestead from execution or other process, held not to apply in case of voluntary sale, being by its terms applicable only in case of execution sale.

**2. Homestead—Garnishment—Exemptions—Proceeds From Sale of Homestead Held Not Exempt From Garnishment, Where Vendor Did Not Intend to Reinvest in Another Homestead (Rev. Code 1919, Sec. 463).**

Rev. Code 1919, Sec. 463, relative to change of homestead, does not exempt proceeds from sale of homestead from garnishment, where vendor did not intend, at time of sale, to reinvest in another homestead within the state.

**3. Appeal and Error—Presumptions—Witnesses—Trial Court Not Presumed in Superior Position to Pass on Weight of Testimony, Where Evidence on Disputed Question Was by Affidivits.**

Where evidence as to intent of vendor of homestead to reinvest proceeds in another homestead was all submitted by affidavits, which appeared in record of garnishment proceedings, trial court is not presumed, by reason of observation of demeanor of witnesses, to be in superior position to pass on weight of testimony.

Appeal from Circuit Court, McCook County; Hon. L. L. Fleeger, Judge.

Action by F. R. Smith, as State Superintendent of Banks, acting in charge of and on behalf of the Dakota State Bank of Salem, against W. H. Hart and M. A. Hart and another, garnishees. From an order releasing a certain sum from garnishment, plaintiff appeals. Order reversed.

*R. M. Sheild,* of Salem, for Appellant.

*H. Van Ruschen,* of Salem, for Respondent.

(1) To point one of the opinion, Appellant cited: Jensen v. Griffin, 32 S. D. 613, 144 N. W. 119; Kingman v. O' Callaghan,

4 S. D. 628, 57 N. W. 912; Freiberg v. Walzem (Tex.), 20 S. W. 60; Mann v. Kelsey, 12 S. W. 43.

Respondent cited: Benham v. Chamberlain, 39 Iowa 358; State v. Geddis, 44 Iowa 537; Lay v. Templeton, 59 Iowa 684; Richards v. Orr (Ia.), 92 N. W. 655.

CAMPBELL, J. This action was brought to enforce defendant's liability under Const., art. 18, § 3, and section 8937, Code 1919, as stockholder in the failed Dakota State Bank of Salem. Garnishment process was served upon the garnishee Struck, who disclosed in response thereto that she had under her control the sum of $4,000 payable to defendant on a contract whereby she was purchasing from the defendant his homestead in Salem. It appears that the homestead property had a total value of $4,500; the sum of $500 having been previously paid by the garnishee to the defendant as part of the purchase price pursuant to the contract between them. Thereafter, upon application of the defendant, the court made and entered an order reciting that said sum of $4,000 so disclosed was the proceeds of sale of defendant's homestead, and as such absolutely exempt to the defendant, and releasing the same from any lien of the garnishment process, from which order plaintiff appeals.

The case presents but one question, and that is whether or not, under the circumstances of this case, the proceeds of a voluntary sale of homestead, being less than $5,000, are exempt from garnishment.

[1] Under section 2658, Code 1919, in the event of a forced sale of the homestead under execution, the first $5,000 of the proceeds must be paid to the debtor, and it is provided that—

"* * * In such case the said sum of $5,000 herein provided to be paid to such debtor shall be exempt from execution, or other process, for one year after the receipt thereof by the person entitled to the exemption; and if re-invested in a homestead the same shall be entitled to the same exemption as the original homestead."

Under this statute respondent contends that, in the event of forced sale, the proceeds of the homestead to the extent of $5,000 in the hands of the debtor are absolutely exempt for the full period of one year, regardless of what disposition may be intended thereof, and regardless of what disposition may actually

be made thereof during the year, and respondent by analogy would have this court apply the same rule to the proceeds of voluntary sale of the homestead. The statutes in many states make specific provision with reference to exempting proceeds of voluntary sale of homestead, in varying amounts up to the entire equivalent of the homestead exemption, under varying circumstances, and for varying periods of time. We have no such statute in this state. The statute above recited by its terms applies only to proceeds in the case of execution sale, and to apply it to voluntary sale would be the most palpable sort of judicial legislation.

[2] Section 463, Code 1919, however, provides as follows:

*"Change of Homestead, Limitations.* The owner may from time to time change the limits of the homestead by changing the metes and bounds, as well as the · record of the description, or' may change it entirely; but such changes shall not prejudice conveyances or liens made or created previously thereto; and no such change of the entire homestead made without the concurrence of the husband or wife shall affect his or her rights or those of the children."

And respondent contends that, in order to give full effect thereto, the homestead claimant must be able to make a voluntary sale of one homestead and purchase another, and, further, to accomplish this end the proceeds of the sale must be treated as exempt for a reasonable time while they are "in transitu," so to speak, from the first homestead to the second. On this particular proposition there seems to be a marked conflict in the authorities. A number of the cases will be found collected in a note in 1 A. L. R. at page 483. However, under all the cases which allow an exemption of the proceeds of voluntary sale of homestead for a reasonable time, not by virtue of a statute specifically establishing such exemption, but by virtue of seeking to give full effect to a statute authorizing a change of homestead, similar to section 463, Code 1919, above stated, it appears to be required as a condition precedent to any such exemption that the claimant must clearly and affirmatively establish that at the time of selling the first homestead there existed, and has ever since continued, a definite, actual, and bona fide intention to reinvest the proceeds in a second homestead in the same state.

Certainly a debtor cannot sell his homestead with no intention whatever of reinvesting the proceeds in another homestead in the same state, and thereafter, when a creditor seeks to reach the proceeds by garnishment, endow said proceeds for the first time with an exempt character by announcing to the world an intention, formed at the time of the garnishment, to reinvest said proceeds in a second homestead in the same state rather than see them go to his creditors. The importance of the time of forming the intention to occupy premises as a homestead has been pointed out by this court in Jensen v. Griffin, 168 N. W. 764, 41 S. D. 30, and we think the time of forming the intention to reinvest proceeds in the second homestead is of equal importance to a claimant seeking to invoke the rule contended for by appellant in this case.

[3] Respondent claims an intention to reinvest the proceeds of the homestead in another homestead in South Dakota. The affidavits submitted by appellant contradict any such intention on the part of respondent, and indicate that respondent had disposed of all his interests in South Dakota, and was arranging to remove to the State of California. The evidence on this disputed question of fact was all submitted by affidavits which appear in the record before us. There is here no room for any presumption that the learned trial judge, by reason of his observation of the witnesses and their demeanor, is in a superior position to pass upon the weight of the testimony, and it is our duty to review the evidence upon this conflicting point entirely free from any such presumption and without regard to his determination thereon. Fairmont, etc., Ry. Co. v. Bethke, 159 N. W. 56, 37 S. D. 446.

In the instant case the only evidence as to intention to reinvest in a homestead in South Dakota is contained in an affidavit by respondent's wife, which, after reciting that respondent is temporarily absent from home, states in this regard as follows:

"That said defendant expects and intends to use the money received and to be received from the sale of said premises to said garnishee, Mrs. Henry Struck, for the purchase of another home within this state and that he had not permanently abandoned the state but is now absent therefrom temporarily and still claims this state as his home, and that said contract with said garnishee, Mrs. Henry Struck, was not entered into until a few days ago."

It is to be observed that the affidavit speaks in the present tense only. It was sworn to on September 3, 1925, the contract for sale of the homestead having been made on August 21, 1925. There is no allegation whatever that the intention of acquiring a second South Dakota homestead existed at the time of contracting to sell the first homestead, or at any other time prior to the date of the affidavit. There is no intimation as to when or where the second homestead in this state is to be acquired, nor any excuse of any sort for failure to set out such definite information. The affidavits of appellant tend to show that respondent had just recently been in California, and that he and his wife both had stated that they were going there to live; that respondent had disposed of all his interests in Salem and vicinity, excepting only that he still continued in possession of the homestead, which by the contract was to be surrendered to the garnishee on September 15, 1925, and had therein a small amount of furniture; that he had sent a considerable amount of furniture to a dealer to be crated and packed, informing the dealer that it was thereafter to be sent to Sioux Falls to be shipped in a carload lot to California.

In this case, therefore, it is unnecessary to decide whether or not the proceeds in question would be exempt from the claims of creditors if it had been made to appear that there had existed continuously, from the time of sale, an actual, bona fide intention to reinvest in another homestead in South Dakota. Respondent has utterly failed to establish any such showing, and, in fact, the clear preponderance of the evidence offered is to the contrary.

The order appealed from must be ,and it is, reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note.——Reported in 207 N. W. 657. See, Headnote (1), American Key-Numbered Digest, Homestead, Key-No. 77, 29 C. J. Sec. 121; (2) Homestead, Key-No. 77, 29 C. J. Sec. 124; (3) Appeal and error, Key-No. 1008(3), 4 C. J. Sec. 2859.

Exemption of proceeds from sale of homestead sold for reinvestment, see note in 19 L. R. A. 36.

Exemption of proceeds of voluntary sale of homestead, nee note in 1 A. L. R. 483.