CREDIT MANAGEMENT SERVICE, INC., Respondent v. WENDBOURNE et al., Appellants

(72 N.W.2d 926)

(File No. 9545. Opinion filed November 14, 1955)

**John Carl Mundt,** Sioux Falls, for Appellant.
**Gene E. Pruitt,** Sioux Falls, for Respondent.

RUDOLPH P. J. This is an appeal from an order of the Municipal Court of Sioux Falls refusing to permit the garnishee defendant to serve and file an affidavit denying liabil-

ity, after the statutory time for serving and filing such affidavit had expired. The garnishee defendant has appealed.

■ Respondent has moved to dismiss the appeal for the reason that the order appealed from is an intermediate order and appellant did not petition for an allowance of the appeal under SDC 33.0704. We have concluded that if this order does not fall strictly within the language of SDC 33.0701 (5), nevertheless the appeal should be allowed under the rule announced in Northwestern Engineering Co. v. Ellerman, 69 S.D. 397, 10 N.W.2d 879.

■■ The affidavits relating to the facts are in sharp conflict. The entire matter having been presented below upon affidavits it is the duty of this court to review the evidence unhampered by the rule that a trial judge who has observed the demeanor of the witnesses, is in a better position to intelligently weigh the evidence than the appellate court. Fairmont & Veblen R. Co. v. Bethke, 37 S.D. 446, 159 N.W. 56; Smith v. Hart, 49 S.D. 582, 207 N.W. 657, 46 A.L.R. 811; Royal Union Life Ins. Co. v. Boynton, 54 S. D. 85, 222 N.W. 596; Fulwider v. Benda, 62 S.D. 400, 253 N.W. 154, 92 A.L.R. 961.

We have considered the affidavits of the parties and all affidavits submitted in support of and in opposition to the motion. The facts as we have determined them are as follows: The Garnishee defendant, who we will hereinafter refer to as the defendant, was served with the garnishee summons on February 25, 1955. He had ten days thereafter to answer and make disclosure. SDC 33.2803. He did nothing until this application was made on April 20, 1955, almost two months after the service. He had previously been served with a garnishee summons and by calling the plaintiff in that action the matter was adjusted. Defendant states that when he was served with the garnishee summons he advised the process server that he owed the principal defendant nothing and was then told, "Forget about it and pay no more attention to it." The man who served the summons denied making any such statement, but accepting defendant's version of the incident loses its force because of the telephone conversations which we have determined he had with the attorney for plaintiff. The first of these conversa-

tions was on April 1, at which time defendant was advised he was in default, but that he should make a disclosure and have his liability determined. A few days later the attorney again called defendant and advised him to make a written disclosure so the matter could be determined. Defendant did nothing until after plaintiff commenced enforcing the liability defendant had incurred by his default, which was more than ten days after the telephone conversations above referred to.

 The question presented is whether the trial court abused the discretion with which it is vested under the provisions of SDC 33.2802 and SDC 33.0108. We must start with the premise that the statute, SDC 33.0108, is remedial and should be liberally applied to the end that justice be done. McConnell v. Margulies, 39 S.D. 563, 165 N.W. 990; Gunvordahl v. Knight, 73 S.D. 638, 47 N.W.2d 561. It is also established that on application of a garnishee to be relieved from default, a more liberal rule is applied than on application of the principal defendant. War Finance Corporation v. Byrum, 49 S.D. 208, 206 N.W. 1005. However, the statute does not make neglect the basis upon which to relieve a party from default. The neglect must be excusable. Is there any showing that defendant's neglect was excusable? We think not. There might be some basis for the trial court to exercise its discretion and determine that defendant's failure to file a disclosure was excusable prior to April 1 when he had the conversation with the attorney. There is no excuse or justification whatsoever for his failure to file the disclosure after his conversation with the attorney. Not only did he wait to act thereafter for a period of time longer than given him by the statute to disclose in the first instance after being served with a summons, but he failed to act until such time as plaintiff commenced enforcing the liability he had incurred, and all of this in face of the fact that he was weeks in default at the time he was told he might still disclose and have his default overlooked. As we view this record there are no facts upon which the trial court could determine that defendant's neglect was excusable, and without such facts there would be no basis upon

which the trial court could exercise a discretion and relieve the default.

■ As often stated, each case of this character must be determined from the particular facts and circumstances presented, and no purpose would be served in discussing the facts in the several cases presented to this court. We have considered these cases and each is clearly distinguishable on the controlling facts.

■ Attorney for appellant in his brief has made an accusation of prejudice and bias against the trial judge. The record is devoid of any basis for this accusation, and it becomes the duty of this court to reprimand the attorney for injecting into this lawsuit this unwarranted attack upon the trial judge.

The order appealed from is affirmed.

All the Judges concur.