STATE AUTOMOBILE CASUALTY UNDERWRITERS, Appellant

v.

RUOTSALAINEN et al., Respondents

(136 N.W.2d 884)

(File No. 10155. Opinion filed September 15, 1965)

Rehearing denied November 12, 1965

Davenport, Evans, Hurwitz & Smith, Ellsworth E. Evans, Robert C. Heege, Sioux Falls, S. D., for plaintiff and appellant.

**Molstad & Walker, Hermon B. Walker,** Sturgis, S. D., **Reynolds & Hughes,** Sundance, Wyo., **Overpeck, Hamblin & Mueller, Walter Mueller,** Belle Fourche, S. D., for defendants and respondents.

RENTTO, J. On August 30, 1962, the defendant Lee, an employee of the defendant Ruotsalainen, a contractor engaged in road building, was driving a gravel truck owned by his employer and towing a two-wheel trailer also owned by him. The trailer was originally a house trailer, but had been converted by remodeling into a tool trailer and used on various road jobs to store tools and supplies needed on these projects. It is referred to in the evidence as a "Dot" trailer. On the day in question the truck and trailer were being driven from a job site in Wyoming to a new base of operations in South Dakota.

Near Spearfish in Lawrence County, South Dakota, the left wheel of the trailer became detached and collided with a propane delivery truck owned by the defendant Andrew Policky operating as Big "D" Oil Company and driven by his employee Cecil Jones. The employee was injured in the collision and died shortly thereafter. The special administratrix of his estate commenced an action against Ruotsalainen and Lee seeking recovery for his wrongful death. The owner of the propane delivery truck which was damaged in the collision is contemplating a suit against these two defendants to recover for the injury to his truck.

Plaintiff on July 22, 1962, had entered into a contract with the defendant Ruotsalainen insuring him against legal liability arising out of the ownership, maintenance or use of certain motor vehicles, which policy was in effect at the time of the accident. The insurance company, taking the position that its policy afforded Ruotsalainen no protection in the described circumstances, on February 21, 1963 brought this action for a declaration that it was under no legal obligation to defend the suit brought against Ruotsalainen and Lee or to pay any judgment recovered against them therein. Its contention is that the trailer involved is not within the coverage of its policy.

Pursuant to stipulation of counsel the matter was submitted to the court for trial without a jury on August 30, 1963. The court found against the contentions of the insurance company and entered judgment determining that the policy involved covered the insured in the operation of his gravel truck and in the towing of the tool trailer from which the wheel became detached. This appeal is from that judgment.

The following findings and conclusions of the trial court are basic to its decision:

## "FINDINGS OF FACT

### "V.

"That on or about the 22nd day of July, 1962, the Plaintiff, through its general Agent, Alvin Heggelund, at Hayti, South Dakota, entered into an insurance contract Exhibit 2 with the Defendant, Clifford Ruotsalainen, whereby Plaintiff insured the said Defendant, Clifford Ruotsalainen, against legal liability arising out of the ownership, maintenance, use or operation of certain motor vehicles; and, that said insurance contract was in full force and effect at all times material herein.

### "VI.

"That prior to the 22nd day of July, 1962, the Plaintiff, through its Agents, Alfred Steffenson and Norvid Steffenson, at the City of Lake Norden, South Dakota, entered into an insurance contract with the Defendant, Clifford Ruotsalainen, wherein and whereby Plaintiff insured said Defendant, Clifford Ruotsalainen, against legal liability arising out of the ownership, maintenance, use or operation of certain motor vehicles; and, that while such insurance contract was in full force and effect and prior to the 22nd day of July, 1962, the Defendant, Clifford Ruotsalainen, inquired of Plaintiff's Agents, Alfred Steffenson and Norvid Steffenson, as to whether or not the said 'Dot' Trailer was covered by said insurance contract and that he, the Defendant, desired said trailer to be covered.

## "VII.

"That in response to the inquiry made of Plaintiff's Agents, Alfred Steffenson and Norvid Steffenson, the two made a trip to Plaintiff's offices in Sioux Falls, South Dakota, to determine this question, and upon their return they advised and informed the insured, Clifford Ruotsalainen, that he had coverage on said trailer so long as it was pulled behind a motor vehicle owned by the insured.

## "VIII.

"That prior to the expiration of the policy issued by the Plaintiff, through the Steffenson Agency, the Defendant, Clifford Ruotsalainen, transferred his business transactions to a bank at Hayti, South Dakota, and transferred his insurance business to another Agent of the Plaintiff, namely, to Alvin Heggelund of Hayti, South Dakota.

## "IX.

"That at the time Alvin Heggelund, as Agent of the Plaintiff, wrote the insurance contract here in question which was written on or about the 22nd day of July, 1962, he, the said Agent of the Plaintiff, advised the Defendant, Clifford Ruotsalainen, that he had the same coverage as in the previous insurance contract issued through the Steffenson Agency with the additional substitution of some new trucks and did further specifically advise and assure the said Defendant, upon inquiry, that the said 'Dot' Trailer was fully covered when being towed behind a motor vehicle owned by the insured, and that agent Heggelund had knowledge of the existence of, and manner of use, of said Dot Trailer.

## "X.

"That the Defendant, Clifford Ruotsalainen, relied upon such representations so made by the Agents of the Plaintiff and upon such representations believed that the

said 'Dot' Trailer was covered when towed behind motor vehicles owned by him.

## "CONCLUSIONS OF LAW

### "I.

"That an insurance company which in its policy has written generally broad coverages may be estopped to defend by reason of an exclusionary clause not within the terms the insured ordered and coverage which he was led to believe was contained therein.

### "V.

"The Court concludes that any exclusionary clause of the insurance policy or contract was waived by the representations and assurances made by the Plaintiff's Agents to the insured; and, that the insurance contract here in question provided coverage for the insured, Clifford Ruotsalainen, under the facts of this case in the operation and towing of the International gravel truck and the 'Dot' Trailer on the 30th day of August, 1962, at the time of the accident here in question."

It seems conceded by all that the terms of the insurance contract do not provide the questioned coverage. The defendants in their brief state their position in this manner "that by reason of the acts of the agents of plaintiff, that plaintiff is estopped to assert the exclusionary provisions of the policy in question. That plaintiff has waived its right to assert such defense and has modified the terms and coverage afforded by the policy in question." The trial court felt that it was not necessary in determining this matter to interpret the language of the policy.

■ ■ The single question presented by this appeal is whether the doctrine of estoppel or waiver is available to bring within the coverage of an insurance policy risks not covered by its terms or expressly excluded therefrom. This area of the law is the subject of a very recent exhaustive annotation in 1 A.L.R.3d 1139. In Farmers' Mutual Automobile Insurance Company v. Bechard, 80 S.D. 237, 122 N.W.2d 86, 1 A.L.R.3d 1124, this court,

in a divided opinion, held that such doctrines were available to broaden the coverage afforded by an insurance policy. Under the rule of that case the quoted findings of the court justify its ultimate conclusion.

■ However, before the rule of that case becomes operative the evidence in support of the estoppel or waiver must be clear and convincing. In Cromwell v. Hasbrook, 81 S.D. 324, 134 N.W.2d 777, we had occasion to elaborate on this feature of the rule. In writing about the requirement of clear and convincing proof we therein quoted this language, "the witnesses must be found to be credible, that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."

■ Whether a party having the burden of proof on an issue has sustained it is determined by the trial court and we may disturb its findings only if it appears they are contrary to a clear preponderance of the evidence. Hilde v. Flood, 81 S.D. 25, 130 N.W.2d 100. We have also said that it is for the trial court to determine in the first instance whether the proof in a given case is clear and convincing and that we may not disturb its conclusion in this regard unless we feel that the clear preponderance of the evidence is against its determination. Brown v. Warner, 78 S.D. 647, 107 N.W.2d 1. This limitation on our review in both instances stems from the fact that the trial court because of its observation of the witnesses and their demeanor is in a better position than are we to evaluate the persuasiveness of their testimony.

■ However, when the testimony on which the trial court makes a finding of fact or determines that a certain issue is established by clear and convincing evidence is presented to the court without the appearance before it of the witnesses who gave such testimony, then it is for us to determine whether a finding is established or the proof thereof is clear and convincing. Credit Management Service v. Wendbourne, 76 S.D. 80,

72 N.W.2d 926. In such circumstances we review the evidence unhampered by the rule that a trial judge who has observed the demeanor of the witnesses, is in a better position to intelligently weigh the evidence than the appellate court. Brewster v. F. C. Russell Co., 78 S.D. 129, 99 N.W.2d 42. That is the situation in this case.

All of the testimony supporting the court's finding was taken by deposition. In fact the only witness appearing before the court was John Schmerler. He had been in charge of the plaintiff's Sioux Falls office at the time of the visit there of the plaintiff's agents referred to in Finding VII. These agents, by deposition, stated that he in substance told them on that occasion that the tool trailer was covered without being described in the policy when being towed by a truck owned by the insured. Schmerler denied that he so advised them.

 With the testimony presented to the trial court in this matter there is no presumption in favor of the trial court's determinations. Accordingly, it is our duty to review the evidence and determine the issues involved as though presented here in the first instance. Fulwider v. Benda, 62 S.D. 400, 253 N.W. 154, 92 A.L.R. 961. This we have done and we concur in the trial judge's determination and his view that it is established by proof that is clear and convincing.

Affirmed.

All the Judges concur.

ROBERTS, P. J. I concur for the reason that it is now the settled rule in this jurisdiction that waiver and estoppel are available to expand the coverage of an insurance policy. Farmers Mutual Automobile Insurance Company v. Bechard, 80 S.D. 237, 122 N.W.2d 86, 1 A.L.R.3d 1124. Otherwise I would hold to the contrary.