Connie **MUHLENKORT**, Plaintiff
and Appellee,

v.

**UNION COUNTY LAND TRUST**, The Union County Abstract and Title Company, and Title Insurance Company of Minnesota, Defendants and Appellants.

No. 18494.

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1994.

Decided April 19, 1995.

Rehearing Denied May 23, 1995.

Dennis C. McFarland, Sioux Falls, John F. Murphy, Donley and Murphy, Elk Point, for plaintiff and appellee.

Rick Entwistle, Woods, Fuller, Shultz & Smith P.C., Sioux Falls, for defendants and appellants.

Mark A. Moreno, Schmidt, Schroyer, Colwill & Moreno, Pierre, for amicus curiae S.D. Land Title Ass'n.

TRANDAHL, Circuit Judge

Union County Land Trust, (Trust), Union County Abstract and Title Company, (Abstractor) and Minnesota Title Insurance Company (Insurer) appeal a judgment of the circuit court which awarded Muhlenkort damages due to her judgment lien on real property bought by the Trust and the professional negligence of Insurer and Abstractor in omitting to list the judgment lien as an encumbrance on the property. We affirm, in part, and reverse in part.

## FACTS AND PROCEDURAL HISTORY

This action originated from a judgment and decree of divorce granted to Connie Muhlenkort from her husband Henry Muhlenkort. The 1980 judgment provided that all payments to be made by Henry Muhlenkort to Connie pursuant to their stipulation and agreement were to become a lien upon four tracts of real property which Henry owned or had an interest.[1] The judgment was filed on January 8, 1980 with the Union County Clerk of Courts. Concurrent with the filing and docketing of the judgment, Connie executed and delivered a quit claim deed to her ex-husband conveying her entire interest in the four tracts of property described in the divorce decree.[2] The deed was recorded with the Union County Register of Deeds on the same date. However, the deed recited that the conveyance was "subject to a judgment lien filed January 8, 1980."

On May 28, 1985, Connie Muhlenkort executed a quit claim deed to Marcus and Helen Muhlenkort conveying her remaining security interest in one of the four tracts of property listed in the divorce decree. Connie conveyed her interest and understood that she would still have a lien on the remaining three tracts of real estate. She also knew that plans were being made for all four tracts to be sold. The remaining three tracts of property were sold and conveyed to the Trust and a warranty deed was recorded with the Union County Register of Deeds on April 18, 1986. Also on that date, Abstractor issued a title insurance policy on the three tracts of property to State Bank of Alcester and the Trust. Neither the title report nor the insurance policy listed the judgment and decree of divorce or the judgment lien in favor of Connie Muhlenkort. The proceeds from the sale of the three tracts was $379,842.00. However, there was at the time of sale encumbrances on the property amounting to approximately $417,614. In addition, the selling expenses were approximately $44,404. The sale of the property resulted in a net loss of over $93,000.

Connie applied for an order to show cause to the Honorable Jay H. Tapken on May 9, 1986 and sought an accounting of the proceeds from the sale of the property. At the show cause hearing on June 24, 1986, Connie was supplied with a one page copy of the title insurance policies and a copy of the closing statement which revealed that there was no equity in the property. Henry Muhlenkort never received any proceeds from the sale of the three tracts of property. Judge Tapken entered an order on July 14, 1986 granting to

---

1. The Muhlenkorts' agreed that Henry would pay to Connie $60,000 as a property settlement with $10,000 due on January 22, 1980 and the balance of $50,000 to be paid in semi-annual installments of $2,500 over ten years at 8% interest.

2. The real property described was a farm partnership asset operated by Henry and James Muhlenkort.

Connie a statutory lien in the amount of $17,500 on all real property that Henry Muhlenkort had an interest.

Connie Muhlenkort commenced this action on April 27, 1992. At the court trial held before the Honorable William J. Srstka, Jr., no live witness testimony was presented. The only evidence received during the court trial was from the parties' exhibits and the only testimony was presented by deposition. The parties also stipulated to many of the facts prior to trial. The trial court concluded that Connie Muhlenkort's lien was a "special lien" and therefore valid for twenty years. Therefore, the court concluded that the Trust and Insurer, as insurers of the title to the property were jointly and severally liable to Muhlenkort for the value of her judgment against Henry Muhlenkort. In addition, the trial court concluded that Abstractor was liable to Muhlenkort due to its professional negligence in failing to discover her judgment lien. A judgment was entered accordingly on August 9, 1993.

## STANDARD OF REVIEW

We note first our standards of review in this case. We review a trial court's findings of fact under a clearly erroneous standard. In applying this standard, we have stated "we will not disturb the court's findings 'unless they are clearly erroneous and we are, after a review of all the evidence, left with a definite and firm conviction that a mistake has been made.'" *In re E.D.J.,* 499 N.W.2d 130, 134 (S.D.1993). If the record contains evidence to support the trial court's decision, we will not disturb a trial court's finding of fact on appeal. SDCL 15–6–52(a); *McLaughlin Elec. Supply v. Am. Empire Ins.,* 269 N.W.2d 766, 769 (S.D.1978). All conflicts in the evidence must be resolved in favor of the trial court's findings. *Kost v. Kost,* 515 N.W.2d 209, 213 (S.D.1994); *Matter of Estate of Gibbs,* 490 N.W.2d 504, 507 (S.D.1992). However, when the evidence is presented without the appearance of live witnesses but is presented by way of deposition and stipulated facts, we are free to determine the facts as if presented here for the first time unaided by any deference to the trial court. *State Automobile Casualty Under. v. Ruotsalainen,* 136 N.W.2d 884, 888 (S.D. 1965); *State v. Abourezk,* 359 N.W.2d 137

(S.D.1984); *Zacher v. Homestake Min. Co. of Cal.,* 514 N.W.2d 394, 395 (S.D.1994).

We review a trial court's conclusions of law under a de novo standard. *State v. Harris,* 494 N.W.2d 619, 622 (S.D.1993) (citing *Rusch v. Kauker,* 479 N.W.2d 496, 499 (S.D.1991)). Under this standard of review, "conclusions of law 'are given no deference by this court on appeal.'" *Rusch,* 479 N.W.2d at 499; *Harding Cty. v. S.D. Land Users Ass'n,* 486 N.W.2d 263, 264 (S.D.1992); *Beville v. Univ. of S.D./Bd. of Regents,* 420 N.W.2d 9, 11 (S.D.1988).

## STATEMENT OF THE ISSUES

I. WHETHER MUHLENKORT'S JUDGMENT AND DECREE OF DIVORCE FILED WITH THE UNION COUNTY CLERK OF COURTS ON JANUARY 8, 1990, WAS PROPERLY DOCKETED, THEREBY CREATING A VALID LIEN ON THE REAL PROPERTY?

II. WHETHER MUHLENKORT'S LIEN EXPIRED PRIOR TO COMMENCING THIS ACTION?

III. WHETHER ANY OF THE DEFENDANTS ARE LIABLE IN TORT TO MUHLENKORT?

IV. IF ANY OF THE DEFENDANTS ARE LIABLE IN TORT, WHETHER MUHLENKORT'S TORT CLAIMS ARE BARRED BY THE APPLICABLE STATUE OF LIMITATIONS?

V. WHETHER PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINES OF WAIVER, LACHES, COLLATERAL ESTOPPEL AND RES JUDICATA?

VI. WHETHER MUHLENKORT WAS DAMAGED BY ANY ACTION OR OMISSION OF ANY OF THE DEFENDANTS?

## ISSUE ONE

WHETHER MUHLENKORT'S JUDGMENT AND DECREE OF DIVORCE FILED WITH THE UNION COUNTY CLERK OF COURTS ON JANUARY 8, 1990, WAS PROPERLY DOCKETED, THEREBY CREATING A VALID LIEN ON THE REAL PROPERTY?

The Trust, Abstractor, and Insurer, collectively referred to as defendants, con-

tend that Muhlenkort's judgment lien was not properly docketed and is, therefore, invalid. Defendants point to the Union County Clerk of Court judgment docket which shows Muhlenkort's lien. The docket fails to recite a dollar figure in the amount column of the judgment but instead contains a "see file" notation. Defendants contend that reciting the amount of judgment is an essential element of a validly recorded lien and the absence of the amount is fatal. We disagree with defendants' interpretation of the judgment lien recording statute.

■ SDCL 15–16–6 provides that the clerk shall docket the judgment by entering in the judgment docket "the sum recovered or directed to be paid, in figures." Although no dollar amount was stated in the docket, all other required entries were present. Whether the "amount of judgment" is or is not essential is not the test for a valid judgment lien. The proper test as set out in *Muller v. Flavin,* 13 S.D. 595, 83 N.W. 687 (1900) is whether the judgment lien substantially complied with the statute's requirements. Although, we have not recently considered this issue, we believe our decision in *Muller,* which involved the precursor to SDCL 15–16–6, is still appropriate.

■ We agree that it is the clerk's duty to follow the dictates of the statute; however, a failure to literally comply with the statute's provisions should not impair a judgment creditor's rights when the docket entry is sufficient to apprise a third party of the existence and character of the judgment and "would induce a prudent and cautious man to make an examination of the proceedings." *Muller,* 13 S.D. at 614, 83 N.W. at 693. A judgment lien is valid provided there has been substantial compliance with the statute's requirements or at least the docket entry was sufficient to impart constructive notice of the judgment lien of the same. *Id.*

Here, the judgment docket clearly contained sufficient entries to put a prudent and cautious person on notice of the existence of a judgment lien. Certainly an abstract and title insurance company, which is in the business of searching out title encumbrances to real property, could have easily discovered the nature and existence of Muhlenkort's judgment lien had they checked the clerk's docket. The absence of a judgment amount, while not technically in statutory compliance, does not defeat an otherwise valid judgment lien. The purpose of docketing a judgment, as defendants have admitted, is to provide notice to interested parties. There can be no question that the docket entries substantially complied with the statute and provided notice sufficient to apprise an interested party.

Therefore we conclude that the trial court was correct as a matter of law and affirm.

## ISSUE TWO

WHETHER MUHLENKORT'S LIEN EXPIRED PRIOR TO COMMENCING THIS ACTION?

■ Defendants contended that Muhlenkort's lien had expired on January 8, 1990 and because she did not commence her action until 1992, she could not recover or foreclose on a lien that had expired. The trial court concluded that the lien in question was a "special lien" and not a general money judgment lien and therefore valid for twenty years.

We recognize that there are special liens and general liens and that a trial court has the authority to grant a lien to one spouse to secure the payment of a support obligation. *See* SDCL 44–1–2; SDCL 25–4–41; SDCL 25–4–42; *Kerr v. Kerr,* 74 S.D. 454, 54 N.W.2d 357 (1952); *Gunn v. Gunn,* 505 N.W.2d 772 (S.D.1993) (divorce court has power to impose a lien on homestead for purposes of child or spousal support). The categorization of a lien, however, as special or general does not determine the length of its validity. Moreover, the authority of a divorce court to grant a lien in favor of one spouse is not at issue here. At issue is whether the ten year judgment lien statute, SDCL 15–16–7, applies to a judgment lien granted pursuant to a divorce decree. We conclude that it does.

No statute currently provides how long a lien, special or general, is valid other than SDCL 15–16–7 which provides that a judgment lien, upon docketing with the clerk of courts, becomes a lien "on all the real prop-

erty, except the homestead, in the county where the same is so docketed ... for ten years from the time of docketing...." In addition, a judgment lien may be renewed for an additional ten years. SDCL 15–16–33, SDCL 15–16–35. Although we agree with the trial court that the lien created by the judgment and decree divorce entered in 1980 was a special lien as defined by SDCL 44–1–2 we do not agree that the *lien* was valid for twenty years. SDCL 15–2–6 sets the limitations period to sue on a *judgment* at twenty years.

A lien is merely a secondary source of repayment and the duration of a judgment lien has clearly been established by the legislature at ten years, or twenty years if properly renewed. There is no authority for holding a judgment lien valid for twenty years. Here, the judgment lien was valid from January 8, 1980 until January 8, 1990. The parties stipulated that the judgment lien was not renewed, so the lien expired in 1990. Because Muhlenkort had not commenced her action until 1992 she no longer had a valid lien in existence upon which to foreclose against the Trust, which bought the property. Clearly, the Trust purchased the property subject to Muhlenkort's lien in 1986. The judgment lien was docketed and anyone searching title had at least constructive notice of the judgment lien. However, because the lien was created by operation of law, and not by consent of the parties, its duration was only ten years absent the renewal. Because the judgment lien was not renewed, any right of foreclosure that Muhlenkort had against the Trust or Insurer ended with the expiration of her judgment lien on January 8, 1990.

We also agree with the defendants that to declare a lien created by judgment good for twenty years would render SDCL 15–16–7 meaningless and contravene the express intent of the legislature. Furthermore, although Judge Tapken on July 14, 1986 granted Muhlenkort a statutory lien on all real estate which Henry Muhlenkort had an interest, that lien never attached because Henry no longer had any real property interests.

Therefore, we conclude that the trial court erred as a matter of law and reverse on this issue.

## ISSUE THREE

WHETHER ANY OF THE DEFENDANTS ARE LIABLE IN TORT TO MUHLENKORT?

The trial court found that Abstractor was liable to Muhlenkort for professional negligence. Defendants contend that the court did not properly apply the test of foreseeability in determining whether Abstractor owed Muhlenkort a duty.

 We have previously recognized the tort of professional negligence beyond the strictures of privity of contract. *Mid–Western Elect., v. DeWild Grant Reckert,* 500 N.W.2d 250 (S.D.1993). However, to recover on a theory of professional negligence one must prove duty, breach of duty, causation, factual and proximate and damages. *Lien v. McGladrey & Pullen,* 509 N.W.2d 421, 423 (S.D.1993). "Negligence is the breach of a duty owed to another, the proximate cause of which results in an injury." *Mark, Inc. v. Maguire Ins. Agency, Inc.,* 518 N.W.2d 227, 229 (S.D.1994). To establish a duty on the part of the defendant, it must be foreseeable that a party would be injured by the defendant's failure to discharge that duty. *Mid–Western Elect.,* 500 N.W.2d at 254.

 Whether it is foreseeable that a third party lien creditor would be injured by an abstractor's failure to note the existence of a lien is one of first impression.[3] We note that decisions of other jurisdictions which extended an abstractor's negligence liability to a third party not in privity of contract involved reliance on the part of the third party. *See, Williams v. Polgar,* 391 Mich. 6, 215 N.W.2d 149 (1974) (abstractor liable to third party who relied on erroneous abstract of title); *1st American Title Ins. Co. v. 1st Title Serv. Co.,* 457 So.2d 467 (Fla.1984) (ab-

---

**3.** We note that Muhlenkort has not argued or sought to recover from Abstractor under SDCL 36–13–19 and therefore express no opinion on that theory of recovery as described in *Goldberg v. Sisseton Loan & Title Co.,* 24 S.D. 49, 123 N.W. 266 (1909).

stractor liable to third party whom it knows or expects will rely on the abstract of title); *Stagen v. Stewart–West Coast Title Co.,* 149 Cal.App.3d 114, 196 Cal.Rptr. 732 (2 Dist. 1983) (no liability for title company where third party did not rely on abstract of title); *see also,* William B. Johnson, Annotation, *Negligence in Preparing Abstract of Title as Ground of Liability to One Other Than Person Ordering Abstract,* 50 A.L.R.4th 314 (1986).

 We agree that to hold an abstractor liable in tort to a third party there must be some reliance on the part of the third party and find the Florida Supreme Court's analysis of the scope of an abstractor's duty and negligence liability persuasive:

> [W]hen an abstract is prepared in the knowledge or under conditions in which an abstracter should reasonably expect that the employer is to provide it to third persons for purposes of inducing those persons to rely on the abstract as evidence of title, the abstracter's contractual duty to perform the service skillfully and diligently runs to the benefit of such known third parties.

*1st American Title Ins.,* 457 So.2d at 472.

We think that analysis equally applies to a title insurance policy issued by an Abstractor. Here the trial court found that Muhlenkort had not relied on the title policies and we agree. Muhlenkort has not established that she relied on or was a beneficiary of the abstract of title or title insurance policies. The parties stipulated that the title policies were not supplied to Muhlenkort, that she did not communicate with representatives of the Abstractor or Insurer prior to the issuance of the policies and that she was not a named insured on the policies. Even more important is that the omission of Muhlenkort's judgment lien from the title insurance policy did not extinguish her lien on the property. Muhlenkort knew on July 22, 1986 of the omission of her lien on the title policy but did not seek to foreclose on it.

Furthermore, there is no evidence that Abstractor had knowledge of or should have known that Muhlenkort, as a third party creditor, would be supplied with or relied on the title policy issued to the Trust and the bank. In addition, it simply was not foreseeable that Muhlenkort would let her lien expire even though her judgment lien was valid four more years after she learned of the omission in the title policy.

Therefore, Abstractor owed no duty to Muhlenkort and is not liable to her under a negligence theory. We conclude that the trial court erred as a matter of law and reverse its decision on this issue. Because we conclude that the defendants are not liable to Muhlenkort under the theory of negligence we need not address issues four, five and six.

MILLER, C.J., SABERS and KONENKAMP, JJ., and WUEST, Retired Justice, concur.

TRANDAHL, Circuit Judge, for AMUNDSON, J., disqualified.

GILBERTSON, J., not having been a member of the Court at the time this case was submitted, did not participate.